## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| TIM DAVIS and NIKLAUS RYKER SCHLEUFER, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>   v.<br><br>CHARTER FOODS, INC., CHARTER CENTRAL, LLC, and CHARTER FOODS NORTH, LLC<br><br>          Defendants. | Case No.: 2:20-cv-159<br><br><br>**JURY TRIAL DEMANDED** |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiffs, TIM DAVIS ("Mr. Davis") and NIKLAUS RYKER SCHLEUFER ("Mr. Schleufer," and collectively with Mr. Davis as "Named Plaintiffs"), individually and on behalf of all others similarly situated (collectively "Plaintiffs"), by and through undersigned counsel, hereby file this Collective and Class Action Complaint ("Complaint") against CHARTER FOODS, INC. ("Charter Foods"), CHARTER CENTRAL, LLC ("Charter Central"), and CHARTER FOODS NORTH, LLC ("Charter North" and collectively with Charter Foods and Charter Central as "Defendants"), and allege violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101, *et seq.* ("PMWA"), and the Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1, *et seq.* ("PWPCL"), as follows:

## NATURE OF CASE

Charter Foods, along with its corporate family of twelve (12) business entities, including Charter Central and Charter North, employ over seven thousand (7,000) employees, including approximately four hundred (400) Assistant General Managers, as a Yum! Brands franchisee and owner of over three hundred (300) fast food/quick service industry restaurants. These Charter Foods' owned franchises, through its corporate family, operate and do business as Taco Bell, Long John Silver's, KFC, A&W and/or Pizza Hut restaurants throughout twelve (12) states, including the Commonwealth of Pennsylvania. During its years of operation commencing in 1998, Defendants have engaged in business practices that have violated the rights of its Assistant General Managers as they relate to their payment/wages. Specifically, Defendants misclassified their Assistant General Manager position as exempt under both federal and state wage and hour laws, and thus failed to pay these employees proper overtime wages for their work in excess of forty (40) hours per week. Defendants have required those employed as Assistant General Managers to arrive early and/or stay late, beyond their paid, scheduled shift, in order to reach production quotas established by Charter Foods and its corporate family. As such, Defendants received unpaid labor from their numerous Assistant General Managers each day. This lawsuit is therefore brought as (a) a collective action under FLSA and (b) a class action under Fed. R. Civ. P. 23, the PMWA, and PWPCL.

## PARTIES

### A.  Named Plaintiffs

1.      Mr. Davis was employed by Defendants as an Assistant General Manager at one of Charter Foods' above-named franchised restaurants from in or about September 2018 to in or about January 2019. Mr. Davis is a resident of the Commonwealth of Pennsylvania, residing in

2

Centre County, Pennsylvania. Mr. Davis' consent to join the collective action aspect of this lawsuit is attached to this Complaint as **Exhibit A**.

2. Mr. Schleufer was employed by Defendants as an Assistant General Manager at one of Charter Foods' above-named franchised restaurants from in or about September 2018 to in or about April 2019, and then as a Shift Lead from in or about April 2019 to in or about May 2019. Mr. Schleufer is a resident of the State of Tennessee, residing in Davidson County, Tennessee. Mr. Schleufer's consent to join the collective action aspect of this lawsuit is attached to this Complaint as **Exhibit B**.

3. At all times relevant to this Complaint, Mr. Davis and Mr. Schleufer, and all those similarly situated, were "employees" of Defendants for purposes of the FLSA, PMWA, and PWPCL, and were individual employees engaged in commerce as required by the FLSA, 29 U.S.C. §§ 206 and 207.

**B. Defendants**

*Defendant Charter Foods, Inc.*

4. Defendant, Charter Foods, is a Tennessee corporation with its principal place of business in Morristown, Tennessee.

5. Charter Foods is a franchisee of Yum! Brands that owns and operates many Taco Bell, Long John Silver's, KFC, A&W, and/or Pizza Hut restaurants in twelve (12) states, including the Commonwealth of Pennsylvania.

6. At all times relevant to this action, Charter Foods was an "employer" as defined by the FLSA, PMWA, and PWPCL.

7. At all times relevant to this action, Charter Foods acted as the employer of both Mr. Davis and Mr. Schleufer.

8. At all times relevant to this Complaint, Charter Foods has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

9. At all times relevant to this Complaint, Charter Foods has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because it has engaged employees in commerce. 29 U.S.C. § 203(s)(1).

10. Charter Foods has had, and continues to have, an annual gross income of sales made, or business done of not less than $500,000. 29 U.S.C. § 203(s)(1).

***Defendant Charter Central, LLC***

11. Defendant, Charter Central, is a Tennessee limited liability company with its principal place of business in Morristown, Tennessee.

12. Charter Central, as part of Charter Foods' corporate family, operates and manages Taco Bell, Long John Silver's, KFC and/or Pizza Hut restaurants throughout numerous states, including the Commonwealth of Pennsylvania, on behalf of Defendant, Charter Foods.

13. At all times relevant to this action, Charter Central was an "employer" as defined by the FLSA, PMWA, and PWPCL.

14. At all times relevant to this action, Charter Central acted as the employer of both Mr. Davis and Mr. Schleufer.

15. At all times relevant to this Complaint, Charter Central has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

16. At all times relevant to this Complaint, Charter Central has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because it has engaged employees in commerce. 29 U.S.C. § 203(s)(1).

4

17.     Charter Central has had, and continues to have, an annual gross income of sales made, or business done of not less than $500,000.  29 U.S.C. § 203(s)(1).

***Defendant Charter Foods North, LLC***

18.     Defendant, Charter Foods North, is a Tennessee limited liability company with its principal place of business in Morristown, Tennessee.

19.     Charter North, as part of Charter Foods' corporate family, operates and manages several Taco Bell, Long John Silver's, KFC and/or Pizza Hut restaurants throughout numerous states, including the Commonwealth of Pennsylvania, on behalf of Defendant, Charter Foods.

20.     At all times relevant to this action, Charter North was an "employer" as defined by the FLSA, PMWA, and PWPCL.

21.     At all times relevant to this action, Charter North acted as the employer of both Mr. Davis and Mr. Schleufer.

22.     At all times relevant to this Complaint, Charter North has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

23.     At all times relevant to this Complaint, Charter North has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because it has engaged employees in commerce.  29 U.S.C. § 203(s)(1).

24.     Charter North has had, and continues to have, an annual gross income of sales made, or business done of not less than $500,000.  29 U.S.C. § 203(s)(1).

## JURISDICTION AND VENUE

25.     The FLSA authorizes court actions by private parties to recover damages for violations of its wage/hour provisions.  Subject matter jurisdiction over Named Plaintiffs' claims arises under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5

26. The PMWA and PWPCL each provide for a private right of action to enforce their provisions. This Court has supplemental jurisdiction over Pennsylvania state law claims, pursuant to 28 U.S.C. § 1367, because they are so intertwined with Plaintiffs' federal claims as to form part of the same case and controversy.

27. Venue is proper in this District pursuant to 28 U.S.C § 1391(b). The unlawful employment practices complained of *infra* took place within this District and a substantial part of the events and omissions giving rise to Named Plaintiffs' claims occurred in this District. Further, Defendants regularly transact substantial business within this District and are residents of this District.

## FACTUAL ALLEGATIONS

### *Violations of the FLSA, PMWA, and PWPCL*

28. Named Plaintiffs were employed by Defendants as Assistant General Managers. Named Plaintiffs have been required and/or permitted to work in excess of forty (40) hours per workweek, but have not been compensated lawfully for all hours worked over forty (40) hours in a given workweek as required by the FLSA, PMWA, and PWPCL.

29. During their years of operation commencing in 1998, Defendants have had a policy and practice of not correctly compensating their Assistant General Managers, to wit:

  a. The job of an Assistant General Manager includes housekeeping, customer service, cash handling, food preparation, and other non-exempt work throughout the day;

  b. Assistant General Managers are hired and compensated to work a required minimum fifty (50) hour workweek at a designated annual rate of pay for

all services provided, calculated as an hourly rate and payable on a bi-weekly basis;

c.       Assistant General Managers are required to clock in and clock out at the beginning and end of their shift, theoretically not permitted to work "off the clock," and are responsible for their own time clock upkeep;

d.       Assistant General Managers are scheduled to work ten (10) hour daily shifts five (5) days per week at different times throughout the scheduled workweek, thus creating a schedule that gives the appearance that no more than fifty (50) hours are worked per week;

e.       Assistant General Managers, however, are routinely required and/or permitted to work prior to and after their scheduled ten (10) hour workday shift, and thus perform significant work in excess of their required minimum fifty (50) hour workweek. Despite being required to work in excess of their ten (10) hour workday shift and required minimum fifty (50) hour workweek, Assistant General Managers are instructed by Defendants' General Managers not to stay "on the clock" beyond their designated shifts, despite being required and/or permitted to be on the restaurant premises and work, since they are not compensated beyond fifty (50) hours of work per week. Rather, Defendants only pay their Assistant General Managers wages limited to their designated annual rate of pay calculated on a weekly basis, and any hours worked in excess of that amount are not compensated. For those Assistant General Managers that stayed "on the clock" beyond their designated shifts, the restaurant's time

clock was adjusted by the restaurant's General Manager, at the direction and instruction of Defendants' Area Coaches and District Managers, in conjunction with Defendants' Regional Managers and executive leadership, to remove these hours from Defendants' centralized payroll system to ensure they would not be compensated; and

f.    Assistant General Managers are never compensated, at a straight rate or overtime rate, for the time they are required to work either "on the clock" or "off the clock" in excess of their fifty (50) hour workweek, nor are they compensated at an overtime rate for any hours worked in excess of forty (40) hours in a workweek;

g.    It is common for Assistant General Managers to be required to work in excess of fifteen (15) hours each workday shift or seventy-five (75) hours each workweek without being compensated beyond their annual rate of pay.

30.    Under the FLSA and PMWA, consistent rulings and interpretations of the United States Department of Labor and Pennsylvania Department of Labor, and applicable state law, Named Plaintiffs and all similarly situated employees are entitled to compensation for the time spent working before and after their paid shifts for all services provided beyond their rate of pay.

31.    The FLSA further requires employers to compensate employees at a rate not less than one and one-half (1½) times the regular rate at which they are employed for any work in excess of forty (40) hours per week.  29 U.S.C. § 207.

32.    Defendants uniformly denied wages and overtime pay to its employees by misclassifying them as exempt, requiring them to perform "off the clock" work, and/or removing

"on the clock" hours from payroll. Defendants' deliberate failure to pay employees their earned wages and overtime compensation violates the FLSA, PMWA, and PWPCL.

33.     Defendants did not accurately record all time worked by their Assistant General Managers, and specifically removed or did not include time these employees spent performing housekeeping, customer service, cash handling, food preparation, and other non-exempt work throughout the day.

34.     Defendants required their Assistant General Managers to be at their respective restaurant before and after their paid shift to perform work to meet the intense demands of the fast food and quick service restaurant industry. This meant the employee was forced to perform the aforementioned services without compensation beyond their annual rate of pay.

35.     Defendants did not pay their Assistant General Managers to perform these and other non-exempt tasks.

36.     On information and belief, Defendants adhered to the same policies and practices with respect to all of their Assistant General Managers.

37.     The net effect of Defendants' policies and practices, instituted and approved by Charter Foods' corporate family managers, is that Defendants willfully failed to pay overtime compensation and willfully failed to keep accurate time records to save payroll costs.

## NAMED PLAINTIFFS' EXPERIENCE AS ASSISTANT GENERAL MANAGERS

*Tim Davis*

38.     Mr. Davis was hired as an Assistant General Manager at a Charter Foods restaurant in or about September 2018 at an annual pay rate of $35,000.

39.     Specifically, Mr. Davis worked as an Assistant General Manager at a Taco Bell restaurant in State College, Pennsylvania.

9

40.     At all times employed by Defendants as an Assistant General Manager, Mr. Davis was classified by Defendants as exempt under the FLSA and PMWA.

41.     During his employment with Defendants, Mr. Davis was aware that Assistant General Managers were misclassified as exempt employees under federal and state wage and hour laws, and therefore denied overtime wages for all work performed in excess of forty (40) hours per week.

42.     During this same time, Mr. Davis learned that overtime was denied by Defendants through their refusal to pay for required "off the clock" hours worked and by having upper management remove "on the clock" hours from payroll calculations if it would exceed the annual rate of pay when calculated on an hourly basis for the bi-weekly pay period.

43.     Mr. Davis was also denied overtime compensation for all hours worked in excess of forty (40) hours per week during his tenure with Defendants.

44.     Defendants actions were deliberate and willful violations of the FLSA, PMWA, PWPCL.

*Niklaus Ryker Schleufer*

45.     Mr. Schleufer was hired as an Assistant General Manager at a Charter Foods restaurant in or about September 2018 at an annual pay rate of $35,000.

46.     Specifically, Mr. Schleufer worked as an Assistant General Manager at a Taco Bell restaurant in State College, Pennsylvania.

47.     At all times employed by Defendants as an Assistant General Manager, Mr. Schleufer was classified by Defendants as exempt under the FLSA and PMWA.

48.     During his employment with Defendants, Mr. Schleufer was also aware that Assistant General Managers were misclassified as exempt employees under federal and state

wage and hour laws, and therefore denied overtime wages for all work performed in excess of forty (40) hours per week.

49.     During this same time, Mr. Schleufer learned that overtime was denied by Defendants through their refusal to pay for required "off the clock" hours worked and by having upper management remove "on the clock" hours from payroll calculations if it would exceed the annual rate of pay when calculated on an hourly basis for the bi-weekly pay period.

50.     Mr. Schleufer was also denied overtime compensation for all hours worked in excess of forty (40) hours per week during his tenure with Defendants.

51.     Defendants actions were deliberate and willful violations of the FLSA, PMWA, PWPCL.

## JOINT-EMPLOYMENT ALLEGATIONS

52.     At all relevant times, Charter Foods and its corporate family operated closely and associated with one another to own, operate and manage several Yum! Brand franchised restaurants doing business as Taco Bell, Long John Silver's, KFC, A&W and/or Pizza Hut restaurants throughout twelve (12) states, including the Commonwealth of Pennsylvania.

53.     At all relevant times, Charter Foods and its corporate family has been organized and operated in a consolidated way so that it can effectively provide a consistent product throughout its restaurants that satisfies the stringent and high standards that are demanded by Yum! Brands as one of its largest franchisees.

54.     Charter Foods and its corporate family, although created as separate legal entities, are indistinguishable from one another as a consolidated fast food franchisee enterprise jointly responsible for the day to day operations of over three hundred (300) restaurants.

11

55.     This consolidated operation includes, but is not limited to, common policies and systems with regard to its employment practices such as job descriptions and classifications, hiring, promotions and termination, setting salaries, rates of pay, and other compensation decisions, time-keeping and payroll data collection, and issuing payroll checks.

56.     This consolidated operation is located in Morristown, Tennessee, where each entity of the corporate family shares a single location for each of its corporate headquarters.

57.     Similarly, the corporate executives of Charter Foods and its corporate family are intertwined and overlap to further ensure the consistency required and necessary to operate over two hundred (200) Yum! Brands restaurants.

58.     At all times relevant to this complaint, Charter Foods and its corporate family jointly employed Named Plaintiffs and the similarly situated employees evidenced by their shared involvement in the terms of their employment and compensation.

59.     At all relevant times, Charter Foods and its corporate family operated as a single entity for purposes of the wage and hour allegations set forth herein, having the effect that the unlawful conduct of each entity in Charter Foods is imputed to the other, therefore satisfying the applicable standards of joint employers within the meaning of the FLSA and PMWA.

60.     At all relevant times, Charter Foods and its corporate family consolidated their decision-making with regard to the wage and hour allegations set forth herein, and collectively controlled and implemented policies that resulted in a failure to pay wages in violation of the FLSA, PMWA, and PWPCL.

61.     Accordingly, Charter Foods and its corporate family engaged in joint employment practices with regard to Named Plaintiffs and similarly situated employees.

## COLLECTIVE ACTION ALLEGATIONS UNDER FLSA

62.     Defendants have engaged in systemic wage and hour violations against their Assistant General Manager employees.  Defendants have caused, contributed to, and perpetuated unpaid wages through common policies, practices, and procedures, including but not limited to common compensation and centralized decision-making.

63.     Named Plaintiffs re-allege and incorporate by reference each and every allegation in the previous paragraphs alleging common policies, practices, and procedures resulting in unpaid wages earned by Assistant General Manager employees in Defendants' restaurants.

64.     Named Plaintiffs bring Count I for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all members of the FLSA Collective Action Class ("FLSA Collective Action Class).  The FLSA Collective Action Class is defined as follows:

> All individuals who are or have been employed by Defendants as an Assistant General Manager from three (3) years prior to the filing date of this Complaint up until this FLSA Collective Action Class is finally certified by the Court who have worked more than forty (40) hours per week without being paid at overtime rates.

65.     Named Plaintiffs seek to represent all Assistant General Managers, as described above, on a collective basis challenging, among other FLSA violations, Defendants' practice of failing to accurately record, and pay for, all hours worked, including overtime compensation. Defendants willfully violated the FLSA through their failure to properly pay the Named Plaintiffs and FLSA Collection Action Class all overtime hours they have worked.  In particular, the Named Plaintiffs and FLSA Collection Action Class often worked in excess of forty (40) hours per week, and in such cases Defendants did not pay the Named Plaintiffs and FLSA Collection Action Class additional compensation of, at least, the legally mandated rate.  Specifically, Defendants forced the Named Plaintiffs and FLSA Collection Action Class to work before and after their paid shift without pay.  Defendants knew and have been aware at all times that the Named Plaintiffs and

FLSA Collection Action Class regularly worked in excess of forty (40) hours per week, and yet failed to pay them for all overtime hours they worked.

66. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendants' records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

67. Questions of law and fact common to the Named Plaintiffs and FLSA Collective Action Class include but are not limited to the following:

    a. Whether Defendants unlawfully failed and continue to unlawfully fail to compensate Assistant General Managers for all work performed;

    b. Whether Defendants' policy, practice, or procedure of failing to compensate Assistant General Managers for all work performed violates the applicable provisions of the FLSA; and

    c. Whether Defendants' failure to compensate Assistant General Managers for all work performed was willful within the meaning of the FLSA?

68. Named Plaintiffs' FLSA claims may be maintained as an "opt-in" collective action pursuant to 29 U.S.C. 216(b) because Named Plaintiffs are similarly situated to the other Assistant General Manager employees described in the FLSA Collective Action Class. Named Plaintiffs' claims are similar to the claims asserted by the FLSA Collective Action Class.

69. Named Plaintiffs and the FLSA Collective Action Class are (a) similarly situated; and (b) are subject to Defendants' common compensation policies, practices and procedures and centralized decision-making resulting in unpaid wages for all work performed.

14

## CLASS ACTION ALLEGATIONS UNDER THE PMWA AND PWPCL

70.     Named Plaintiffs bring Count II for violations of the PMWA and Count III for violations of the PWPCL as a class action pursuant to Fed. R. Civ. P. 23 on behalf of all members of the State Class (the "State Class"). The State Class is defined as follows:

> All individuals who are or have been employed by Defendants as an Assistant General Manager in the Commonwealth of Pennsylvania from three (3) years prior to the filing date of this Complaint up until this State Class is finally certified by the Court, who have worked more than forty (40) hours per week without being paid at overtime rates.

71.     Named Plaintiffs seek to represent all Assistant General Managers who worked in the Commonwealth of Pennsylvania, as described above, on a class basis challenging, among other PMWA and PWPCL violations, Defendants' practice of failing to accurately record, and pay for, all hours worked, including overtime compensation. Defendants willfully violated the PMWA and PWPCL through their failure to properly pay Named Plaintiffs and the State Class for all overtime hours they have worked. In particular, Named Plaintiffs and the State Class often worked in excess of forty (40) hours per week, and in such cases, Defendants did not pay Named Plaintiffs and the State Class additional compensation of, at least, the legally mandated rate. Specifically, Defendants forced Named Plaintiffs and the State Class to work before and after their paid shift without pay. Defendants knew and have been aware at all times that Named Plaintiffs and the State Class regularly worked in excess of forty (40) hours per week, and yet failed to pay them for all overtime hours they worked.

72.     The State Class as defined above is identifiable. Named Plaintiffs are members of the State Class.

73. The State Class, upon information and belief, consists of hundreds of individuals, both current and former employees of Defendants, and is thus so numerous that joinder of all members is impracticable.

74. Furthermore, members of the State Class still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

75. There are questions of law and fact which are not only common to the State Class, but which predominate over any questions affecting only individual members of the State Class. The predominating common questions include, but are not limited to:

    a. Did Defendants fail to pay overtime for all hours worked in excess of forty (40) hours per workweek;

    b. Did Defendants' failure to pay overtime violate the PMWA;

    c. Did Defendants act willfully, intentionally, and maliciously in failing to pay overtime;

    d. Did Defendants' failure to timely and fully pay employees all wages owed violate the PWPCL; and

    e. Did Defendants' failure to pay employees all wages owed upon termination violate the PWPCL.

76. The prosecution of separate actions by individual members of the State Class would create a risk of establishing incompatible standards of conduct for Defendants, within the meaning of Fed. R. Civ. P. 23 (b)(1)(A).

77. The claims of Named Plaintiffs are typical of the claims of each member of the State Class, within the meaning of Fed. R. Civ. P. 23(a)(3), and are based on and arise out of identical facts constituting the wrongful conduct of Defendants.

16

78.     Named Plaintiffs will fairly and adequately protect the interests of the State Class. Named Plaintiffs have retained counsel experienced and competent in class actions and complex employment litigation.

79.     Named Plaintiffs have no conflict of interest with the State Class.

80.     Named Plaintiffs are able to represent and protect the interest of the State Class members fairly and adequately.

81.     The common questions of law and fact enumerated above predominate over questions affecting only individual members of the State Class, and a class action is the superior method for fair and efficient adjudication of the controversy, within the meaning of Fed. R. Civ. P. 23(b)(3).  The likelihood that individual members of the State Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

82.     There are no unusual difficulties in the management of this case as a class action.

83.     The books and records of Defendants are material to Named Plaintiffs' case as they disclose the rate of pay, hours worked, and wages paid to members of the State Class.

## COUNT I

### (INDIVIDUAL AND COLLECTIVE ACTION CLAIMS)

**VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938 ("FAIR LABOR STANDARDS ACT"), 29 U.S.C. §§ 201, *ET SEQ.***
**FAILURE TO PAY OVERTIME WAGES**
**(Named Plaintiffs and FLSA Collective Action Class v. All Defendants)**

84.     Named Plaintiffs re-allege and incorporate by reference each and every allegation in the previous paragraphs as though fully set forth herein.

85.     This Count is brought on behalf of Named Plaintiffs and all members of the FLSA Collective Action Class against all Defendants.

17

86.     At all times material herein, Named Plaintiffs and members of the FLSA Collective Action Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

87.     Named Plaintiffs and members of the FLSA Collective Action Class are "employees" covered by the FLSA, and Defendants are collectively and individually their "employer." Defendants, as the employer(s) of Named Plaintiffs and members of the FLSA Collective Action Class, were and are obligated to pay Named Plaintiffs and members of the FLSA Collective Action Class overtime at one and one-half (1½) times Named Plaintiffs' regular rate of pay for all hours worked over forty (40) hours in a workweek.

88.     The FLSA regulates, among other things, the payment of overtime to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

89.     Defendants are subject to the overtime pay requirements of the FLSA because they are an enterprise engaged in interstate commerce with customers in numerous states, and its employees are engaged in commerce.

90.     Defendants violated the FLSA by failing to pay for overtime. In the course of perpetrating these unlawful practices, Defendants also willfully failed to keep accurate records of all hours worked by its employees.

91.     Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Named Plaintiffs or members of the FLSA Collective Action Class.

18

92.     Named Plaintiffs and members of the FLSA Collective Action Class are victims of a uniform compensation policy.  On information and belief, Defendants are applying the same unlawful compensation policy to all of their non-exempt, Assistant General Manager employees.

93.     Named Plaintiffs and members of the FLSA Collective Action Class are entitled to damages incurred within the three (3) years preceding the filing of the Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for, whether their conduct was prohibited by the FLSA.

94.     Defendants have not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Named Plaintiffs and members of the FLSA Collective Action Class are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay permitted by 29 U.S.C. § 216(b).  Alternatively, should the Court find Defendants did not act willfully in failing to pay overtime pay, Named Plaintiffs and members of the FLSA Collective Action Class are entitled to an award of prejudgment interest at the applicable legal rate.

95.     As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendants from Named Plaintiffs and members of the FLSA Collective Action Class.  Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

96.     As a result of Defendants' unlawful conduct, Named Plaintiffs and the members of the FLSA Collective Action Class suffered and will continue to suffer harm, including, but not limited to, lost earnings, lost benefits, lost future employment opportunities, and other financial losses, as well as non-economic damages.

19

97. Named Plaintiffs and the FLSA Collective Action Class are entitled to all legal and equitable remedies available for violations of the FLSA, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigation costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF ON COUNT I

WHEREFORE, Named Plaintiffs, Tim Davis and Niklaus Ryker Schleufer, on behalf of themselves and the FLSA Collective Action Class, respectfully request that this Honorable Court enter Judgment in their favor and against Defendants, Charter Foods, Inc., Charter Central, LLC, and Charter Foods North, LLC, jointly and severally, as follows:

A. Designate this action as a collective action and class action on behalf of the proposed FLSA Collective Action Class and

    a. Promptly issue notice pursuant to 29 U.S.C § 216(b) to all similarly-situated members of the FLSA Collective Action Class, which (a) apprises them of the pendency of this action, and (b) permits them to assert timely Fair Labor Standards Act claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b); and

    b. Toll the statute of limitations on the claims of all members of the FLSA Collective Action Class from the date the original complaint was filed until the members of the FLSA Collective Action Class are provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their rights to opt-in as Plaintiffs;

B. Designate Named Plaintiffs, Mr. Davis and Mr. Schleufer, as representatives of the FLSA Collective Action Class;

C. Designate Named Plaintiffs' chosen counsel as counsel for the FLSA Collective Action Class;

D. Declare and adjudge that Defendants' employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the Fair Labor Standards Act;

E. Award back pay to Named Plaintiffs and the members of the FLSA Collective Action Class, including a sum to compensate Named Plaintiffs and the members of the FLSA Collective Action Class for any increased tax liability on a lump-sum award of back pay;

F.      Award liquidated damages to Named Plaintiffs and the members of the FLSA Collective Action Class in the maximum amount available under the Fair Labor Standards Act;

G.      Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Named Plaintiffs and the members of the FLSA Collective Action Class;

H.      Award Named Plaintiffs and the members of the FLSA Collective Action Class pre-judgment and post-judgment interest available under the Fair Labor Standards Act;

I.      Award Named Plaintiffs and the members of the FLSA Collective Action Class any other appropriate equitable relief; and

J.      Award any additional relief that this Court deems just and proper.

## COUNT II

### (INDIVIDUAL AND CLASS ACTION CLAIMS)

**VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT OF 1968, 43 P.S. §§ 333.101, *ET SEQ.***
**FAILURE TO PAY OVERTIME WAGES**
**(Named Plaintiffs and State Class v. All Defendants)**

98.      Named Plaintiffs re-allege and incorporate by reference each and every allegation in the previous paragraphs as though fully set forth herein.

99.      Defendants are each an "employer" as that term is defined under the PMWA, 43 Pa.C.S. § 333.103(g), and are thereby subject to liability for overtime wages, liquidated damages and reasonable attorneys' fees and other costs for non-payment of salary and/or wages under the PMWA, 43 Pa.C.S. § 333.101 *et seq.*

100.      Section 333.105 of the PMWA exempts certain categories of employees from minimum wage and/or overtime pay obligations.  None of the PMWA exemptions apply to Named Plaintiffs or members of the State Class.

21

101.    Named Plaintiffs and members of the State Class are victims of a uniform compensation policy.  On information and belief, Defendants are applying the same unlawful compensation policy to all of their non-exempt, Assistant General Manager employees.

102.    Defendants violated the overtime provisions of the PMWA as they failed to pay Named Plaintiffs and members of the State Class the required one and one-half (1½) times for each hour worked in excess of forty (40) hours in a workweek, in violation of 43 Pa.C.S. § 333.104(c).  Overtime pay is, therefore, due and owing to Named Plaintiffs and members of the State Class.

103.    The PMWA requires that Defendants compensate Named Plaintiffs and members of the State Class at a rate of at least one and one-half (1½) times their usual hourly wage for each hour of overtime.  43 Pa.C.S. § 333.104(c).

104.    The total amount of compensation due to Named Plaintiffs and members of the State Class by Defendants constitutes wages under 43 Pa.C.S. § 333.103(d), and failure to pay the amount due constitutes a violation of the PMWA.

105.    Defendants' failure and refusal to pay overtime wages was willful, intentional, and not in good faith.

106.    Defendants further violated the PMWA by failing to record and pay for all hours worked, including but not limited to overtime.  In the course of perpetrating these unlawful practices, Defendants also willfully failed to keep accurate records of all hours worked by their employees.

107.    Named Plaintiffs and the State Class are entitled to all legal and equitable remedies available for violations of the PMWA, including, but not limited to, back pay, liquidated

damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigation costs, and other compensation pursuant to the PMWA.

## **PRAYER FOR RELIEF ON COUNT II**

WHEREFORE, Named Plaintiffs, Tim Davis and Niklaus Ryker Schleufer, on behalf of themselves and the State Class, respectfully request that this Honorable Court enter Judgment in their favor and against Defendants, Charter Foods, Inc., Charter Central, LLC, and Charter Foods North, LLC, jointly and severally, as follows:

A.    Designate this action as a class action on behalf of the proposed State Class;

B.    Designate Named Plaintiffs, Mr. Davis and Mr. Schleufer, as representatives of the State Class;

C.    Designate Named Plaintiffs' chosen counsel as counsel for the State Class;

D.    Declare and adjudge that Defendants' employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the Pennsylvania Minimum Wage Act;

E.    Award back pay to Named Plaintiffs and the members of the State Class, including a sum to compensate Named Plaintiffs and the members of the State Class for any increased tax liability on a lump-sum award of back pay;

F.    Award liquidated damages to Named Plaintiffs and the members of the State Class in the maximum amount available under the Pennsylvania Minimum Wage Act;

G.    Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Named Plaintiffs and the members of the State Class;

H.    Award Named Plaintiffs and the members of the State Class pre-judgment and post-judgment interest available under the Pennsylvania Wage Payment and Collection Law;

I.    Award Named Plaintiffs and the members of the State Class any other appropriate equitable relief; and

J.    Award any additional relief that this Court deems just and proper.

## COUNT III

### (INDIVIDUAL AND CLASS ACTION CLAIMS)

**VIOLATION OF THE PENNSYLVANIA WAGE PAYMENT AND COLLECTION
LAW, 43 P.S. §§ 260.1, *ET SEQ.*
FAILURE TO PAY WAGES
(Named Plaintiffs and State Class v. All Defendants)**

108.     Named Plaintiffs re-allege and incorporate by reference each and every allegation in the previous paragraphs as though fully set forth herein.

109.     Defendants are each an "employer" as that term is defined under the PWPCL, and are thereby subject to liability for wages, liquidated damages and reasonable attorneys' fees for non-payment of salary and/or wages under the PWPCL, 43 Pa.C.S. § 260.1, *et seq*.

110.     Named Plaintiffs and members of the State Class are entitled to be paid one and one-half (1½) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek, as provided by, *inter alia*, 29 U.S.C. § 207(a).   The failure to pay said wages constituting a violation of 29 U.S.C. § 215(a)(2).

111.     Defendants have failed to pay Named Plaintiffs and members of the State Class one and one-half times (1½) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek, in violation of the FLSA and PMWA.   Defendants have, therefore, failed to regularly pay Named Plaintiffs and members of the State Class for all earned wages from the date they were first employed, through and including the present, in violation of the PWPCL.

112.     Accordingly, wages in the form of overtime pay are due and owing to Named Plaintiffs and members of the State Class pursuant to Section 260.3(a) of the PWPCL.

113.     Defendants further violated the PWPCL through their failure to pay the Named Plaintiffs and members of the State Class all wages due for work they performed upon their termination of employment pursuant to Section 260.5(a) of the PWPCL.

114. Defendants further violated the PWPCL by failing to record and pay for all hours worked, including but not limited to overtime. In the course of perpetrating these unlawful practices, Defendants also willfully failed to keep accurate records of all hours worked by their employees.

115. The total amount due to Named Plaintiffs and members of the State Class by Defendants constitutes wages under Section 260.2a. of the PWPCL, and failure to pay the amount due constitutes a violation of the PWPCL.

116. In accordance with Section 260.10 of the PWPCL, by reason of Defendants' actions, Named Plaintiffs and members of the State Class are entitled to liquidated damages in an amount equal to twenty-five percent (25%) of the wages due in addition to all wages due.

117. In accordance with Section 260.9a of the PWPCL, by reason of Defendants' actions, Named Plaintiffs and members of the State Class are entitled to reasonable attorneys' fees associated with this action.

118. The wages withheld from Named Plaintiffs and members of the State Class were not the result of any bona fide dispute.

119. Named Plaintiffs and the State Class are entitled to all legal and equitable remedies available for violations of the PWPCL, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigation costs, and other compensation pursuant to the PWPCL.

## **PRAYER FOR RELIEF ON COUNT III**

WHEREFORE, Named Plaintiffs, Tim Davis and Niklaus Ryker Schleufer, on behalf of themselves and the State Class, respectfully request that this Honorable Court enter Judgment in

their favor and against Defendants, Charter Foods, Inc., Charter Central, LLC, and Charter Foods

North, LLC, jointly and severally, as follows:

   A. Designate this action as a class action on behalf of the proposed State Class;

   B. Designate Named Plaintiffs, Mr. Davis and Mr. Schleufer, as representatives of the State Class;

   C. Designate Named Plaintiffs' chosen counsel as counsel for the State Class;

   D. Declare and adjudge that Defendants' employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the Pennsylvania Wage Payment and Collection Law;

   E. Award back pay to Named Plaintiffs and the members of the State Class, including a sum to compensate Named Plaintiffs and the members of the State Class for any increased tax liability on a lump-sum award of back pay;

   F. Award liquidated damages to Named Plaintiffs and the members of the State Class in the maximum amount available under the Pennsylvania Wage Payment and Collection Law;

   G. Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Named Plaintiffs and the members of the State Class;

   H. Award Named Plaintiffs and the members of the State Class pre-judgment and post-judgment interest available under the Pennsylvania Wage Payment and Collection Law;

   I. Award Named Plaintiffs and the members of the State Class any other appropriate equitable relief; and

   J. Award any additional relief that this Court deems just and proper.

## <u>JURY DEMAND</u>

 Named Plaintiffs and all members of the FLSA Collective Action Class and State Class demand a trial by jury on all issues triable to a jury as a matter of right.

Dated: July 21, 2020       Respectfully submitted,

           s/ *Jennifer B. Morton*
           **JENNIFER MORTON LAW, PLLC**
           Jennifer B. Morton, BPR #015585
           Maha M. Ayesh, BPR #025244

8217 Pickens Gap Road
Knoxville, TN 37920
Tel: (865) 579 0708
Fax: (865) 579-0787
jen@jmortonlaw.com
maha@jmortonlaw.com

**WEISBERG CUMMINGS, P.C.**
Derrek W. Cummings, PA. 83286
dcummings@weisbergcummings.com
Larry A. Weisberg, PA 83410
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
Tel.: (717) 238-5707
Fax: (717) 233-8133
dcummings@weisbergcummings.com
lweisberg@weisbergcummings.com

**STUEVE SIEGEL HANSON LLP**
George A. Hanson, MO. 43450
Alexander T. Ricke, MO. 65132
460 Nichols Rd, Suite 200
Kansas City, MO 64112
Tel: (816) 714-7100
Fax: (816) 714-7101
hanson@stuevesiegel.com
ricke@stuevesiegel.com

*Counsel for Plaintiffs*