UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| TIM DAVIS, et al., ) | |
| ) | |
| *Plaintiffs,* ) | Case No. 2:20-cv-159 |
| ) | |
| v. ) | Judge Atchley |
| ) | |
| CHARTER FOODS, INC. et al., ) | Magistrate Judge Wyrick |
| ) | |
| *Defendants* ) | |
| ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

On March 21, 2022, Magistrate Judge Cynthia R. Wyrick filed her Report and Recommendation [Doc. 80], recommending that Plaintiffs' Motion to Certify Class [Doc. 45] be granted with respect to both conditional collective certification under the FLSA and Rule 23 class certification, as specified in the Report. Defendants Charter Central, LLC, Charter Foods, Inc., and Charter Foods North, LLC (together, "Charter") filed a timely Objection [Doc. 81], to which Plaintiffs responded [Doc. 82]. The Court has carefully considered Plaintiffs' Motion [Doc. 45] and Reply [Doc. 68], Defendant's Response [Doc. 57], the Report and Recommendation [Doc. 80], Defendant's Objection [Doc. 81], Plaintiff's Response [Doc. 82], and other materials in the record. The Court has reviewed *de novo* the portions of the Report and Recommendation to which Defendants have properly objected. For reasons that follow, Defendants' Objections will be OVERRULED. The Report and Recommendation [Doc. 80] will be **ACCEPTED** and **ADOPTED** and Plaintiffs' Motion to Certify Class [Doc. 45] will be **GRANTED as set forth herein**.

I.     FACTUAL BACKGROUND

The facts in this case are set forth without objection in Magistrate Judge Wyrick's Report

and Recommendation [Doc. 80]. Relevant terminology is defined therein. Briefly, Plaintiffs Davis and Schleufer were employed by Defendants as Assistant General Managers ("AGMs") at Defendants' franchised fast-food restaurants during 2018 and 2019. Plaintiffs claim that Defendants misclassified their AGM positions as exempt under both federal and state wage and hour laws, and in doing so, failed to pay such employees proper overtime wages for work exceeding forty hours per week. Alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. §333.101, *et seq.*, and the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. § 260.1, *et seq.*, the crux of the Complaint states that despite being allowed or required to perform non-exempt work in excess of 50 hours per week, the practice of Defendants is to not compensate AGMs in any fashion for hours worked in excess of 50 hours per week, and to not pay overtime for hours exceeding 40 hours per week. As such, Plaintiffs filed a Motion for Conditional Collective Action and Class Action Certification with supporting Memorandum [Docs. 45 and 46] on June 9, 2021, seeking conditional certification for a collective action class under § 216(b) of the FLSA, and certification of a Rule 23 class pursuant to alleged violations of the PMWA and PWPCL.

After opposing motion practice, the issue was referred to Magistrate Judge Wyrick for report and recommendation. Judge Wyrick returned the report and recommendation on March 21, 2022, recommending the Court grant both conditional certification for the FLSA claim and Rule 23 certification for the PMWA and PWPCL claims. Defendants timely objected on various grounds and Plaintiffs timely filed a response.

## II.     STANDARD OF REVIEW

When a pretrial matter is not dispositive of a party's claim or defense, a district judge may refer the matter to a magistrate judge to hear and decide. Fed. R. Civ. P. 72(a). The magistrate judge must conduct any required proceedings and may, when appropriate, issue a written order stating its decision, to which a party can object within 14 days. *Id.* In those circumstances, the district judge must consider any timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law. *Id.*; 20 U.S.C. § 636(b)(1)(A) (district judge "may reconsider any pretrial matter" that a magistrate judge has been designated to hear and determine if a party shows the magistrate judge's order is "clearly erroneous or contrary to law").

This provision excludes certain dispositive motions and, *inter alia*, motions to maintain a class action. 20 U.S.C. § 636(b)(1)(A). For dispositive motions and matters excluded from subsection (A), the district judge may refer the matter to the magistrate judge for a report and recommendation. Fed. R. Civ. P. 72(b)(1); *see* 28 U.S.C. § 636(b)(1)(B). The magistrate judge must recommend a disposition, including, if appropriate, proposed findings of fact. Fed. R. Civ. P. 72(b)(1). The district judge must then "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make *a de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The district judge may accept, reject, or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with further instructions. *Id.*

It is well-established that "[a] general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). In the absence of

3

Case 2:20-cv-00159-CEA-CRW   Document 83   Filed 10/26/22   Page 3 of 14   PageID #: 2487

objection, the district court is not obligated to conduct a *de novo* review of a report and recommendation. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). Moreover, "the district court need not provide *de novo* review where the objections are 'frivolous, conclusive, or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (*quoting Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). "The parties have 'the duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'" *Id.*

### III. ANALYSIS

Defendants bring six specific objections to the Report and Recommendation of Judge Wyrick. Of these objections, three are improper, asking for a stay or addressing issues not included in the Report and Recommendation.

#### A. Request for Stay Should a Final Order be Issued

Defendants' first and fourth objections are merely requests to stay the matter should a final order on certification be issued. [Doc. 81 at 1-2]. Defendants attempt to meld these into a "specific" objection by claiming the Report and Recommendation "errs in concluding that simultaneously proceeding with both matters [*Gallagher*] would not result in duplication of the Courts' and the parties' resources." Yet their core objection is really no objection at all. The response to a Report and Recommendation is not the proper time or place to make post-determination motions – those may be timely made by motion, after a ruling on the certification motions. As no final certification determinations have taken place, these requests to stay are premature.

### B. Statute of Limitations as to Notified Potential Members

Defendants' second objection revolves around the potential putative class members and the statute of limitations. Their claim is essentially that many who would receive notice using the Relevant Period as defined in the Report and Recommendation would be time-barred due to the statute of limitations having run against them. [Doc 81. at 2]. The objection further admits that this issue was not addressed in the Report and Recommendation. As such, this is not the appropriate time to raise the issue.

### C. The Collective Action Exceeds the Scope of the Evidence

In Plaintiffs' Motion for Conditional Collective Action and Class Action Certification [Doc. 45], Plaintiffs seek in part, a conditional collective certification under the Fair Labor Standards Act. [Doc. 45 at 1]. Specifically, Plaintiffs define their proposed collective as: "All individuals who are or have been employed by Defendants as an Assistant General Manager from three (3) years prior to the filing date of this Complaint up until this FLSA Collective Action Class is finally certified by the Court who have worked more than forty (40) hours per week without being paid at overtime rates." *Id.* The Magistrate Judge laid out the legal standards for conditionally certifying collective actions under the FLSA in her Report and Recommendation [Doc. 80 at 4-7], detailing the requirements that "1) plaintiffs must be 'similarly situated,' [and] 2) all plaintiffs must signal in writing their affirmative consent to participate in the action." *Id.* Continuing, Judge Wyrick notes that while the FLSA does not define "similarly situated", the Sixth Circuit held in *O'Brien* that "plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009).

Generally, courts may determine whether plaintiffs are 'similarly situated' via a two-phase framework. *Manlove v. Volkswagen Aktiengesellschaft,* No. 1:18-cv-145, 2019 WL 7755928 (E.D. Tenn. June 11, 2019). The first (or notice) phase comes at the beginning of discovery and requires only a modest showing by the plaintiff that his position is similar, but not identical to potential putative class members. *Comer v. Wal-Mart Stores, Inc.,* 454 F.3d 544, 546-47 (6th Cir. 2006). The second (or decertification) phase comes after notices and opt-in forms have been distributed and returned at the end of discovery if the defendant so moves for decertification. *Beasley v. Over Easy Mgmt., Inc.,* No. 1:14-cv-366, 2016 WL 11503028 (E.D. Tenn. April 9, 2006). However, in some cases where discovery has already progressed past a certain point, some district courts within the Sixth Circuit have applied an intermediate 'hybrid' standard requiring a 'modest plus' factual showing by the plaintiff. *Davis v. Colonial Freight Sys., Inc.,* No. 3:16-cv-674, 2018 WL 11225871, at *3 (E.D. Tenn. March 3, 2018). The "modest plus" standard to find 'similarly situated' potential putative collective members requires that the Court weigh the plaintiffs' allegations in the complaint alongside the developed factual record to determine if plaintiffs have made a sufficient factual showing that would tend to make it more likely than not that a class of similarly situated employees exists. *Id.*

Judge Wyrick concluded that based on the substantial discovery that has already taken place in this case, the matter falls into the hybrid "modest plus" stage described in *Davis.* [Doc. 80 at 6]. This determination is not objected to by either party. After explaining the applicable law, Judge Wyrick found that the plaintiffs in the instant action have done enough to satisfy the "modest plus" showing of 'similarly situated' and recommended conditional certification of the collective action to this Court. *Id.* at 11-15.

Defendants have properly objected to the Magistrate Judge's 'similarly situated' finding.[1] As such, this Court has reviewed this portion of the Report and Recommendation *de novo*. Specifically, defendants claim that "Judge Wyrick erred by failing to limit the scope of the collective action to comport with the scope of the evidence presented by Plaintiffs." [Doc. 81 at 9]. They contend Judge Wyrick erred in finding that deposition testimony "from only three individuals…at no more than four locations, all in and around State College, Pennsylvania" satisfied the modest plus showing requirement to conditionally certify the collective action on a nationwide scale. Defendants instead argue that the collective should be significantly limited in geographic scope. *Id.* Attempting to support their contentions, Defendants offer *Thompson v. RGT Mgmt., Inc.,* 2012 WL 3261059 (W.D. Tenn. June 8, 2012), *Tyler v. Taco Bell Corp.,* 2016 WL 3162145 (W.D. Tenn. June 3, 2016), *O'Neal v Emery Fed. Credit Union*, 2013 WL 4013167 (S.D. Ohio Aug. 6, 2013), and *Harris v. Chipotle Mexican Grill, Inc.*, 49 F. Supp. 3d 564 (D. Minn. 2014). Defendants argue the instant case is similar to the circumstances in these cases, suggesting that a much smaller scope is appropriate.

Having reviewed the asserted legal authorities and the developed factual record here, the Court finds Defendants' authorities distinguishable[2]. Defendants rely heavily upon what they

---

[1] Defendants offer a number of arguments against this point, also relying on their objection to the 'two-phase inquiry' from *Manlove v. Volkswagen Aktiengesellschaft* from page 4 of the Report and Recommendation. They note that an interlocutory appeal is currently before the Sixth Circuit, challenging the propriety of this two-step conditional certification. That is no matter here and the fact that the Sixth Circuit has previously recognized the framework without rejecting it is enough to allow its use in this instance. [Doc. 74 at 2].

[2] In *Thompson*, there was a single plaintiff claiming she was improperly exempted from overtime pay despite performing non-exempt duties most of her time at work. There, defendants proffered affidavit testimony from multiple other AGMs, who averred that if plaintiff had been performing her duties as prescribed by relevant corporate policies, she would have been properly categorized as exempt. Despite this contradictory evidence, the Court still conditionally certified a collective action, but limited it to the three Taco Bell stores where plaintiff had worked. Here, there are multiple plaintiffs alleging FLSA-violating misclassification, and there is no evidence that their work performance was not in compliance with the corporate policies and guidelines for Charter AGMs.
In *Tyler*, a single plaintiff claimed she was misclassified as exempt while employed as an AGM, despite corporate documents reflecting that Taco Bell AGMs were generally (and admittedly correctly by both sides) classified as non-exempt. The Court found no evidence that anyone other than plaintiff had been similarly misclassified, and partially

7

contend is a "facially lawful policy" [Docs. 57 and 81] as evidence that the Plaintiffs' attempt to show themselves as "similarly situated" has no legal basis. But the question at this stage is not whether their singular, rigid corporate classification of AGMs as exempt employees is facially lawful or not. The Court is not yet determining the merits of whether a "facially lawful policy" was in fact lawful as applied to each individual plaintiff – the Court's inquiry is simply whether the potential collective action members are "similarly situated". As to that question, the Court agrees with Judge Wyrick's finding.

Comparing the Plaintiffs' allegations and the factual record developed thus far, the Court finds it is more likely than not that a similarly situated class exists with regard to the classification of AGMs as exempt, satisfying the required "modest-plus" showing. Charter acknowledges that there is a single AGM job description and that the expected job duties are the same across all of the brands that Charter operates. [Doc. 46-2, at 14]. They further acknowledge bulk classification of all AGMs as salaried exempt prior to January 1, 2020, followed by a categorical reclassification as non-exempt effective January 1, 2020.[3] [*Id.* at 31]. Based on the case law in this Circuit, this bulk, indiscriminate classification and subsequent reclassification of all Charter AGMs supports a

---

granted certification, limiting it to the two restaurants where the plaintiff had worked. Here, multiple plaintiffs allege FLSA-violating misclassification, and Charter's corporate documents classified all AGMs as exempt within the relevant time-period.

In *O'Neal*, multiple loan officer plaintiffs alleged FLSA-violating exemptions from overtime pay as "similarly situated" employees. However, the Court noted many contradictions between plaintiffs' collective-wide assertions and their personal experiences under distinct compensation plans unique to each individual. Further, the Court noted a lack of uniform corporate policies governing various managerial functions, including time tracking. Accordingly, the Court denied the plaintiffs' request for conditional certification. Here, while Plaintiffs all have slightly different work experiences, none outright contradict the class-unifying claim. In addition, Charter has uniform corporate policies governing AGMs.

Finally, in *Harris*, plaintiffs argued they were all subject to a timekeeping system that automatically clocked workers out while they were still performing work functions. Notably the court found the managers and shift workers to be 'similarly situated' at the conditional certification stage, but limited the class to a single restaurant that was the source of five of the six plaintiffs' claims. Here, the plaintiffs aver the FLSA-violating misclassification occurred at all of Defendant's restaurants due to the nature of the single, uniform corporate job description of an AGM.

[3] The Court has taken notice of Charter's contention that this reclassification only occurred due to increased minimum salary requirements and had nothing to do with the underlying duties of an AGM. [Doc. 57 at 10-11].

finding that members of the potential putative class are "similarly situated." Group-wide classification and reclassification of employees, particularly when the job description is unchanged is good evidence that employees are considered the same by the employer. *See Wlotkowski v. Michigan Bell Tel. Co.,* 267 F.R.D. 213, 217-218 (E.D. Mich 2010); *Bollinger v. Residential Capital, LLC*, 761 F. Supp. 2d 1114, 1120 (W.D. Wash. 2011). This cuts to the core of the instant issue. The Court is not concerned at this stage with determining the facial validity of Charter's AGM classification, or even whether the AGMs generally work in *primarily* a managerial (exempt) or non-exempt manner. It is enough that Plaintiffs here have shown it is more likely than not they are similarly situated with respect to the same potentially FLSA-violative classification decisions.

Turning to the scope of the collective action, Defendants highlight the individualized experience of the Plaintiffs, alongside the limited geographic scope of the evidence. [Doc. 81 at 9]. Defendants focus heavily upon whether individual AGMs operating under the uniform corporate guidelines satisfy the test of an exempt executive employee. [*Id.* at 9-11]. In doing so, they are actually questioning the merits of Plaintiffs' claims, not whether they are similarly situated to other AGMs. As Plaintiffs correctly point out, that argument is not proper at this stage of conditional certification. *See Martinez v. First Class Interiors of Naples, LLC,* No. 3:18-CV-583, 2019 WL 4242409, at *5 (M.D. Tenn. Sept. 6, 2019) ("a merits-based argument…is not relevant at the conditional certification stage"). Defendants further contend that *Thompson* demonstrates the Court should significantly limit the scope of the conditional collective action. They argue that Judge Wyrick should not have considered the lack of evidence supporting Defendants' claims that AGMs had different work experience in different restaurants.[4] As explained in footnote 2, this case

---

[4] The Court notes here that Defendants object to the Report and Recommendation relying upon their lack of AGM affidavits in opposition to Plaintiffs' allegations. They claim *ex parte* communications with AGMs who could

9

is distinguishable from *Thompson*, where the defendants had provided multiple affidavits from other AGMs which directly contradicted the plaintiff's claims. Plaintiffs here have made an uncontradicted showing that Charter treats its AGMs as a homogenous group, and subsequently they are "similarly situated" within the meaning of Section 16(b). This showing satisfies the "modest-plus" burden to warrant the conditional certification of the proposed collective action at this stage.

Accordingly, the Court **ACCEPTS** and **ADOPTS** Magistrate Judge Wyrick's recommendation that Plaintiffs' Motion for Conditional Collective Action under the FLSA be granted and will conditionally certify the putative class described in the Report and Recommendation. [Doc. 80 at 16]. Charter's Objection to this aspect of the Report and Recommendation is **OVERRULED**.

### D. Rule 23(A) and Rule 23(B)(3) Class Certification

In addition to conditional collective action certification under the FLSA, Plaintiffs seek class action certification under Rule 23 of the Federal Rules of Civil Procedure for alleged violations of the PMWA and PWPCL by Defendants. Defendants opposed class certification [Doc. 57] after Plaintiffs' Motion [Doc. 45] and again after Magistrate Judge Wyrick's Report and Recommendation. Defendants claim that Judge Wyrick erred in finding "commonality and typicality under Rule 23(a)(2)-(3) and/or predominance and superiority under Rule 23(b)(3)." [Doc. 81 at 14]. Defendants' objections to Judge Wyrick's findings on commonality, typicality, predominance, and supremacy are generally restatements of their previously presented arguments.

---

potentially provide such contradictory affidavits might cause ethical concerns due to the other pending litigation. While the Court appreciates Defendants' desire to conduct their defense ethically, it fails to understand why Defendants could not depose such AGMs, avoiding *ex parte* communications entirely. As Plaintiffs correctly point out, Judge Wyrick was obligated the review the record as she found it, not as it might have been. [Doc. 82 at 12]. The Court finds this claim of 'error' unpersuasive.

10

Under the *VanDiver* standard, such arguments are not sufficient to trigger *de novo* review of the Magistrate Judge's recommendations. Nonetheless, the Court has reviewed the Report and Recommendation and arguments of the parties on the question of Rule 23 class certification.

### a. Commonality and Typicality

The parties' arguments and the Report and Recommendation both tend to collapse the questions of commonality and typicality under Rule 23(a) into a single inquiry. *See In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838 at 853 (6th Cir. 2013) (quoting *Dukes*, "[commonality and typicality] tend to merge…serv[ing] as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence"). Ultimately, the inquiry attempts to determine if a class-wide proceeding has the capacity to provide common answers to resolve the litigation. *Davis v. Cintas Corp.*, 717 F3.d 476, 487 (6th Cir. 2013). Evidence of commonality and typicality is shown if it is determined that the claims of the class are "fairly encompassed by the named plaintiffs' claims." *Whirlpool* at 852. The Court observes that reasonable arguments exist both for and against a finding of commonality and typicality in this action and has reviewed legal and precedential contentions from both sides. Ultimately, this Court finds that the instant case is more closely aligned with *Swigart v. Fifth Third Bank*, 288 F.R.D. 177 (S.D. Ohio 2012) than with *Davis v. Cintas,* 717 F3.d 476 (6th Cir. 2013). Importantly here, Defendants on one hand have treated the AGMs as a totally homogenous group for their own bulk classification and re-classification purposes, but on the other hand attempt to convince the Court that individualized assessment of every AGM would be required to determine if they were classified improperly. Were there individualized, store-level decisions as to the classification of

11

specific AGMs, Defendants' claim that the situation more closely aligns with *Davis v. Cintas* might be more persuasive, but that is not the case. Defendants broadly classified all AGMs as exempt without any individualized inquiry and later reclassified them all as non-exempt. Accordingly, this Court finds that the question of whether Defendants' AGMs were misclassified as exempt satisfies commonality for the proposed class. Further, all putative class members' claims arise from Defendants' decision to classify AGMs as exempt from overtime pay. The Court finds that this claim and the requested relief satisfy the commonality and typicality requirement of Rule 23(a)(3).

### b. Predominance and Superiority

Judge Wyrick neatly summed up the requisite inquiry for predominance under Rule 23(b)(3): "[predominance] asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues." *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016). Despite repeated contentions from Defendants that individual inquiries would be required to determine the proper classification of each AGM, the Court agrees with Plaintiffs that, at least at this stage, the question of class-wide misclassification can be addressed via common proof. Further, the Court agrees with Judge Wyrick's observation that should damage calculations be necessary, accurate time-keeping records should make such calculations fairly straight forward. Accordingly, this Court finds that the common question of class-wide misclassification predominates over other individualized questions pertinent to only specific class members.

Regarding superiority, the Court must consider 1) whether there would be an interest by individual class members in prosecuting their actions separately; 2) if class members have other litigation pending about the controversy, the extent and nature of that litigation; 3) the desirability

12

Case 2:20-cv-00159-CEA-CRW   Document 83   Filed 10/26/22   Page 12 of 14   PageID #: 2496

of this forum for the action; and 4) what difficulties would be expected in managing the class. Fed. R. Civ. P. 23(b)(3). As to factors one and two, this Court incorporates the Report and Recommendation, specifically finding that this is the type of issue that individuals are typically hesitant to prosecute on their own for fear of reprisal if still employed, and noting that there is no other pending request to certify this class under the FLSA-analogous provisions of Pennsylvania law. [Doc. 80 at 18-20 and 29]. In analyzing factor three, the court notes that while the majority of the class members are likely to reside in Pennsylvania, Defendants' nerve-center and human resources functions are located within this district, making this forum desirable. Finally, the Court does not anticipate any substantial difficulties managing the class, given the extensive history of district courts managing similar actions based on class-wide misclassification claims.

Accordingly, the Court **ACCEPTS** and **ADOPTS** Magistrate Judge Wyrick's recommendation that Plaintiffs' Motion for Class Action Certification be granted. [Doc. 80 at 29]. Charter's Objection to this aspect of the Report & Recommendation is **OVERRULED**.

### E. Conclusion

For the reasons set forth above, after reviewing the Report and Recommendation alongside the parties' arguments, the Court OVERRULES Defendants' Objection to Report and Recommendations [Doc. 81]. The Court **ACCEPTS** and **ADOPTS** Magistrate Judge Wyrick's recommendation on Plaintiffs' Motion for Conditional Collective Action under the FLSA as well as Plaintiffs' Motion for Class Action Certification. Plaintiffs' Motion [Doc. 45] is GRANTED as follows:

Pursuant to 29 U.S.C. § 216, the case is certified as a collective action as to the following putative class:

All individuals who are or have been employed by Defendants as an Assistant General Manager at any time from July 21, 2017, through January 1, 2020, who worked more than 40 hours during one or more workweeks and who are not participating in *Gallagher v. Charter Foods, Inc.*, 2021 WL 2581153 (W.D. Pa. June 23, 2021) as a named or opt-in plaintiff.

Pursuant to Federal Rule of Civil Procedure 23, the Court certifies a class consisting of:

All individuals who are or have been employed by Defendants as an Assistant General Manager in the Commonwealth of Pennsylvania from three (3) years prior to the filing date of the Complaint [July 21, 2020] up until today, October 26, 2022, who have worked more than forty (40) hours per week without being paid at overtime rates.

**SO ORDERED**.

*/s/ Charles E. Atchley, Jr.*
CHARLES E. ATCHLEY, JR.
UNITED STATES DISTRICT JUDGE