**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**

|  |  |
|---|---|
| TIM DAVIS and NIKLAUS RYKER SCHLEUFER, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | |
| v. | Case No.: 2:20-cv-159 |
| CHARTER FOODS, INC., CHARTER CENTRAL, LLC, and CHARTER FOODS NORTH, LLC | |
| Defendants. | |

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

Subject to approval by the United States District Court for the Eastern District of Tennessee on the bases set forth below, this Class Action Settlement Agreement and Release ("Agreement") is entered into by and between Tim Davis and Niklaus Ryker Schleufer (the "Named Plaintiffs"), individually and on behalf of the class defined below for settlement purposes, and Charter Foods, Inc., Charter Central, LLC, and Charter Foods North, LLC ("Charter Foods" or "Defendants") (Charter Foods is referred to together with Named Plaintiffs as the "Parties") in the matter captioned *Davis et al. v. Charter Foods, et al.*, United States District Court for the Eastern District of Tennessee, Case No. 2:20-cv-00159-CEA-CRW ("the Litigation").

## RECITALS

**WHEREAS**, Tim Davis and Niklaus Ryker Schleufer filed a Class and Collective Action Complaint in the United States District Court for the Eastern District of Tennessee on July 21, 2020, asserting claims against Charter Foods under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"); the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101, *et seq.*

("PMWA"); and the Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1, *et seq.* ("PWPCL") for the alleged failure to pay overtime compensation to salaried Assistant Managers (also known as Assistant General Managers) (which shall be referred to for purposes of this settlement as "Assistant Managers" or "AMs") who worked in any Charter Foods restaurant anywhere in the United States;

**WHEREAS**, the Parties completed several months of discovery directed at Named Plaintiffs' motion for class and collective certification and notice pursuant to Federal Rule of Civil Procedure 23 and 29 U.S.C. §216(b), including the exchange of written discovery, production of documents and information, and depositions of Named Plaintiffs, one collective opt-in plaintiff, and Defendants' Rule 30(b)(6) designee;

**WHEREAS**, on October 26, 2022, the Court granted certification of a class comprising certain AMs who worked for Defendants in Pennsylvania between July 21, 2017, and October 26, 2022;

**WHEREAS**, the Parties agreed to explore settlement and, on April 27, 2023, participated in a mediation conducted by experienced wage and hour mediator Carole Katz, as well as numerous subsequent discussions between counsel, following which the Parties reached an accord resulting in this Agreement;

**WHEREAS**, the purpose of this Agreement is to settle fully and finally all claims asserted in the Litigation and those claims that could have been asserted by all exempt Assistant Managers

employed between July 21, 2017 and January 1, 2020 which, based on the facts alleged in the pleadings in this Litigation, is the date on which Charter Foods remediated the alleged violation by reclassifying its Assistant Managers as non-exempt (the "Relevant Period");

**WHEREAS**, Charter Foods denies all of the allegations made by Named Plaintiffs in the Litigation and denies that it is liable or owes damages to anyone with respect to the alleged facts or causes of action asserted in the Litigation. Nonetheless, without admitting or conceding any liability or damages whatsoever, Charter Foods has agreed to settle the Litigation on the terms and conditions set forth in this Agreement to avoid the burden and expense of continuing the Litigation; and

**WHEREAS**, Named Plaintiffs' Counsel analyzed and evaluated the merits of the claims made against Charter Foods in the Litigation; conducted interviews with Named Plaintiffs and other AMs who opted into the litigation; served and responded to discovery requests; took and defended depositions; reviewed voluminous discovery documents; conducted damage calculations for the AMs; engaged in litigation for four years; and—based upon their analysis and evaluation of a number of factors, and recognizing the substantial risks of litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery or might result in a recovery less favorable than that achieved through a settlement, and that any recovery would not occur for several years—Named Plaintiffs' Counsel believe that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in the best interests of Named Plaintiffs and the Class Members, as that term is defined below.

**NOW, THEREFORE**, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties agree to a full and complete settlement of the Litigation on the following terms and conditions:

## 1. DEFINITIONS

The defined terms set forth in this Agreement have the meanings ascribed to them below.

1.1 "Agreement" means this agreement and all exhibits, which sets forth all material terms and conditions of the Settlement between the Parties, and which is subject to Court approval.

1.2 "Approval Order" means an order signed and entered by the Court, which approves this Agreement and dismisses the Litigation, in a form substantially similar to the Stipulation and Proposed Order of Dismissal, attached as Exhibit A.

1.3 "Charter Foods" means Charter Foods, Inc., Charter Central, LLC, and Charter Foods North, LLC.

1.4 "Check Cashing Period" means the time Named Plaintiffs and Class Members have to negotiate their Settlement Checks. This period starts on the day the Settlement Administrator issues the Settlement Checks and runs for the next 120 days, except that the period shall be extended for Class Members who report to the Settlement Administrator that their checks were lost, destroyed, or never received, in which case such individuals will have the longer of 30 days from the date of reissuance of their Settlement Checks or 120 days from the date of the initial issuance of the Settlement Check to negotiate their Settlement Checks.

4

**1.5** "Class List" means a manipulable-electronic list (e.g., in Excel format) of all Class Members' names, Last Known Addresses, personal e-mail addresses that are maintained in Charter Foods' HRIS system, Social Security Numbers, and the dates and states of employment as an AM during the Relevant Period.

**1.6** "Class Members" are the 159 exempt Assistant Managers identified in Exhibit C who either (1) were employed by Defendants in Pennsylvania between July 21, 2017 and January 1, 2020 and have not released their claims under the settlement in *Gallagher, et al. v. Charter Foods, Inc, et al* No. 2:20-cv-00049-RJC (W.D. Pa.), or (2) were employed by Defendants in a state other than Pennsylvania between July 21, 2017 and January 1, 2020, filed a consent to join form opting into the FLSA collective certified in this case and have not released their claims under the settlement in *Gallagher, et al. v. Charter Foods, Inc, et al* No. 2:20-cv-00049-RJC (W.D. Pa.).

**1.7** "Court" means the United States District Court for the Eastern District of Tennessee.

**1.8** "Defendants" means Charter Foods, Inc., Charter Central, LLC, and Charter Foods North, LLC.

**1.9** "Defendants' Counsel" means MacDonald, Illig, Jones & Britton LLP.

**1.10** "Effective Date" means the date an order is entered by the Court granting final approval of the settlement in this Litigation.

5

**1.11** "Eligible Workweeks" means weeks in which Named Plaintiffs and Class Members were employed by Defendants as exempt AMs during the Relevant Period. Workweeks during which Named Plaintiffs and Class Members were not employed by Defendants as AMs or were not classified as exempt are not considered Eligible Workweeks.

**1.12** "Employer Payroll Taxes" means all taxes and withholdings arising out of or based upon the payment of employment/wage compensation in connection with this Agreement, including FICA, FUTA, SUTA, and Medicare obligations, and any other applicable payroll taxes. Employer Payroll Taxes shall be paid separately by Defendants and shall not be paid from the Gross Settlement Amount.

**1.13** "Gross Settlement Amount" means Six Hundred Thousand Dollars and No Cents ($600,000.00), which is the maximum amount that Charter Foods has agreed to pay to fully resolve and settle this Litigation.

**1.14** "Individual Settlement Amount" or "Individual Settlement Amounts" means Named Plaintiffs' and each Class Member's proportionate share of the Net Settlement Amount calculated pursuant to ¶ 3.4 of this Agreement.

**1.15** "Last Known Address" means the most recently recorded personal mailing address for a Class Member as shown in Defendants' records.

**1.16** "Litigation" means the litigation styled *Davis et al. v. Charter Foods, et al.*, which is proceeding in the United States District Court for the Eastern District of Tennessee, Case No. 2:20-cv-00159-CEA-CRW

**1.17** "Named Plaintiffs" means Tim Davis and Niklaus Ryker Schleufer.

**1.18** "Named Plaintiffs' Counsel" means Stueve Siegel Hanson LLP, Weisberg Cummings, P.C. and Jennifer Morton Law, PLLC.

**1.19** "Net Settlement Amount" means no less than Two Hundred Thousand Dollars and No Cents ($200,000.00) allocated from the Gross Settlement Amount for the payment of Class Members' claims. The amount of this Net Settlement Amount shall not be reduced by (i) Court-approved Settlement Administration fees and costs; (ii) Court-approved Plaintiffs' Counsel's attorneys' fees and costs; (iii) Court-approved Service Awards to Named Plaintiffs; (iv) payments to the Settlement Administrator; or (v) any other basis.

**1.20** "Participating Class Member" means each Class Member who timely negotiates and receives payment under the terms of this Agreement. Named Plaintiffs shall be considered Participating Class Members regardless of when they negotiate and receive payment under the terms of this Agreement.

**1.21** "Parties" collectively means Named Plaintiffs and Charter Foods.

**1.22** "Qualified Settlement Fund" or "QSF" means the account established by the Settlement Administrator from the Gross Settlement Amount paid by Defendants. The QSF will be controlled by the Settlement Administrator subject to the terms of this Agreement and the Court's orders. Interest, if any, earned on any monies in the QSF will become part of the Net Settlement Amount.

7

**1.23** "Releasees" means Defendants and their officers, directors, employees, agents, insurers, successors, predecessors, affiliates, parents, subsidiaries, attorneys, and other related entities.

**1.24** "Released Claims" means all claims for unpaid wages, overtime, failure to pay timely wages, wage statement violations, and other compensation, fees/costs, liquidated damages, penalties, interest, and all other relief under the Fair Labor Standards Act, Pennsylvania Minimum Wage Act, and Pennsylvania Wage Payment and Collection Law, and all other state and local wage/hour and wage payment laws and common law theories arising or accruing while employed by Charter Foods as an exempt AM between July 21, 2017 and January 1, 2020, that they have or may have against Defendants, including its former and present officers, directors, employees, attorneys, insurers, benefit plans, predecessors, successors, parents, sponsors, related entities, subsidiaries, and affiliates.

**1.25** "Relevant Period" for exempt AMs refers to the period between July 21, 2017, and January 1, 2020.

**1.26** "Service Awards" means payments to the Named Plaintiffs as compensation for their services facilitating recovery for the Class.

**1.27** "Settlement" means the settlement between the Parties embodied and contained in this Agreement.

8

**1.28** "Settlement Administrator" means Analytics Consulting LLC, or an alternative qualified settlement administration firm mutually agreed to by Plaintiffs and Defendants.

**1.29** "Settlement Check" means the check issued to Named Plaintiffs and each Class Member for his or her proportionate share of the Net Settlement Amount calculated in accordance with this Agreement.

**1.30** "Settlement Notice" means the document entitled Notice of Settlement, to be approved by the Court in a form substantially similar to Exhibit B.

## 2. APPROVAL AND NOTICE TO CLASS MEMBERS

**2.1** This Agreement is a binding agreement and contains all material agreed-upon terms for the Parties to seek a full and final settlement of the Litigation.

**2.2 The Settlement Administrator**

i. The actions of the Settlement Administrator shall be governed by the terms of the Settlement Agreement. The Settlement Administrator will be responsible for the following tasks:

(a) researching and updating addresses through skip-traces (up to 2 times) and similar means;

(b) reporting on the status of the administration of the settlement to Named Plaintiffs' Counsel and Defendants' Counsel;

9

(c)     resolving any settlement payment dispute, in concert with the Named Plaintiffs' Counsel and Defendants' Counsel;

(d)     providing Named Plaintiffs' Counsel and Defendants' Counsel with all necessary data;

(e)     setting up, administering, and making payments from the QSF;

(f)     calculating the settlement allocation for Named Plaintiffs and each Class Member;

(g)     distributing settlement payments and withholding applicable payroll taxes, excluding the employer's share of taxes which shall be paid by Defendants, and remitting such funds to the appropriate taxing authorities, along with any associated tax reporting, return and filing requirements;

(h)     establishing a QSF account;

(i)     preparing, mailing, and emailing the Settlement Notice to Named Plaintiffs and Class Members;

(j)     retaining and providing a copy of Settlement Checks signed by the Participating Class Members to Named Plaintiffs' Counsel;

(k)     submitting any unclaimed portions of the Net Settlement Amount to the Boys and Girls Club of Dumplin Valley; and

(l)     performing such additional duties as Named Plaintiffs' Counsel may direct.

ii.     All settlement administration costs will be paid from the Gross Settlement Amount and shall include all costs necessary to administer the Settlement.

iii.    The Settlement Administrator shall provide weekly reports to Named Plaintiffs' Counsel regarding the status of the mailing of the Settlement Notice and Checks, returned mailings for which it is unable to obtain corrected addresses, and other information related to the administration of the Settlement.

iv.     All disputes relating to the Settlement Administrator's performance of its duties shall be referred to the Court, if necessary, which will have continuing jurisdiction over the terms and conditions of this Agreement until all payments and obligations contemplated by this Agreement have been fully carried out.

v.      Charter Foods agrees to provide to Named Plaintiffs' Counsel and the Settlement Administrator accurate information to the extent reasonably available and necessary to calculate the Individual Settlement Amounts, and to provide available information to assist

the Settlement Administrator in locating Class Members. Charter Foods' records shall be presumed accurate.

**2.3    Settlement Notice and Distribution Process**

i.      The Parties shall work cooperatively to provide the Class List to the Settlement Administrator on or before September 26, 2024.

ii.     Settlement Notices will be mailed via First Class United States Mail on or before October 10, 2024. The Settlement Notices will advise Class Members of the claims asserted in the Litigation and their estimated Individual Settlement Amounts. Settlement Notices shall also be sent via e-mail.

iii.    The Settlement Administrator shall take all reasonable steps to obtain the correct address for any Class Member for whom the Settlement Notice is returned by the post office as undeliverable, including using Social Security Numbers to obtain better address information and emailing Class Members about their current addresses, and shall attempt re-mailings. Charter Foods shall, where a Class Member is a current employee, provide the Settlement Administrator with available information necessary to locate any Class Member whose notice is returned as undeliverable. Any Settlement Notices returned as undeliverable shall be traced up to 2 times to obtain a new address and be re-mailed by First Class United States Mail.

12

iv.     Any individual who wishes to exclude themselves from the Settlement must submit a written request for exclusion to the Settlement Administrator, which shall be submitted via regular mail or overnight mail, postmarked and verified no later than November 25, 2024. The written request for exclusion must:

(a)     Identify the case name of the Action;

(b)     Identify the name and address of the individual seeking exclusion from the Settlement;

(c)     Be personally signed by the individual seeking exclusion;

(d)     Include a statement clearly indicating the individual's intent to be excluded from the Settlement; and

(e)     Request exclusion only for that one individual whose personal signature appears on the request.

v.     Any individual who submits a valid and timely request for exclusion in the manner described herein shall not: (i) be bound by any orders or judgments entered in connection with the Settlement; (ii) be entitled to any relief under, or be affected by, the Agreement; (iii) gain any rights by virtue of the Agreement; or (iv) be entitled to object to any aspect of the Settlement.

13

vi.      Any Settlement Class Member who wishes to object to the Settlement must submit a written objection to the Court on or before November 25, 2024. The written objection must include:

(a)      The case name and number of the Action;

(b)      The name, address, and telephone number of the objecting Settlement Class Member and, if represented by counsel, of his/her counsel;

(c)      A statement of whether the objection applies only to the objector, to a specific subset of the class, or to the entire class;

(d)      Information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of the objector's settlement notice or a statement explaining why the objector believes he or she is a Settlement Class Member);

(e)      A statement of the specific grounds for the objection; and

(f)      A statement of whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel.

vii.     Any Settlement Class Member who fails to object to the Settlement in the manner described in this Agreement, the Preliminary Approval Order, and

14

in the notice provided pursuant to the Notice Plan shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be precluded from seeking any review of the Settlement or the terms of this Agreement by appeal or any other means.

viii.    The processing of payment to Class Members shall be in accordance with the following procedures.

(a)    To be timely, a Class Member must sign their Settlement Check and submit for payment within one hundred and twenty (120) days from issuance.

(b)    By signing their Settlement Check and receiving payment the Class Member will be deemed a Participating Class Member. If a Class Member does not sign their Settlement Check and receive payment, their Individual Settlement Amount shall be transmitted by the Settlement Administrator to the Boys and Girls Club of Dumplin Valley, and corresponding payroll taxes paid in advance by Charter Foods shall be refunded to Defendants' Counsel by the Settlement Administrator.

(c)    The Settlement Administrator is solely responsible for sending the Settlement Notice and Claim Form to Class Members. The Settlement Administrator, the Parties, Named Plaintiffs' Counsel,

15

and Defendants' Counsel shall not engage in any other supplemental notice process.

## 3.    SETTLEMENT TERMS

### 3.1    Settlement Payments

i.    Charter Foods will deposit the Gross Settlement Amount into a QSF established by the Settlement Administrator within ten (10) days after the Effective Date.

ii.    Within seven (7) days of the receipt of the Settlement Amount into the QSF, the Settlement Administrator will distribute funds from the QSF by making the following payments:

   (a)    Paying Named Plaintiffs' Counsel's Court-approved attorneys' fees and costs as described in Section 3.2;

   (b)    Paying the Court-approved Service Awards as described in Section 3.3; and

   (c)    Paying the costs of the Settlement Administrator.

iii.    The Settlement Administrator will mail the Settlement Notices, including the Settlement Checks, to Class Members, as described in Section 3.4, within twenty-one (21) days after the Effective Date.

iv.    Any portion of the Net Settlement Amount that is not claimed by Class Members under this Agreement shall be transmitted by the Settlement

Administrator to the Boys and Girls Club of Dumplin Valley, and corresponding payroll taxes paid in advance by Charter Foods shall be refunded to Defendants' Counsel by the Settlement Administrator.

**3.2     Settlement Amounts Payable as Attorneys' Fees and Costs**

i.      In their Approval Motion, Named Plaintiffs' Counsel will ask the Court to approve payments of no more than $400,000.00 of the Gross Settlement Amount as an award of attorneys' fees and reimbursement of reasonable costs and expenses, Service Awards to Named Plaintiffs, and expenses to be paid to the Settlement Administrator. These amounts shall constitute full satisfaction of any claim for attorneys' fees or costs, and Named Plaintiffs agree that they shall not seek, nor be entitled to, any additional attorneys' fees or costs. The Net Settlement Amount of no less than $200,000.00 shall remain available for payment of Class Members' claims, and shall not be reduced by (i) Court-approved Settlement Administration fees and costs; (ii) Court-approved Plaintiffs' Counsel's attorneys' fees and costs; (iii) Court-approved Service Awards to Named Plaintiffs; (iv) payments to the Settlement Administrator; or (v) any other basis.

ii.     The substance of Named Plaintiffs' Counsel's application for attorneys' fees and costs is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the Settlement and this Agreement. The outcome of any proceeding related to Named Plaintiffs' Counsel's application for attorneys' fees and costs shall not

17

terminate this Agreement or otherwise affect the Court's ruling on the Approval Motion. In the event that the Court (or any appellate court) awards less than the requested amounts, only the awarded amounts shall be paid and shall constitute full satisfaction of the obligations of this section and full payment hereunder. Any money requested for attorneys' fees or costs that are not approved by the Court shall become part of the Net Settlement Amount.

**3.3     Service Awards to Plaintiffs**

i.       In the Approval Motion, Named Plaintiffs' Counsel will apply for Service Awards to be paid from the Gross Settlement Amount to Named Plaintiffs in amounts not to exceed $7,500.00 to Named Plaintiff Tim Davis and $7,500.00 to Named Plaintiff Niklaus Ryker Schleufer.

ii.      These Service Awards and any requirements for obtaining any such payment are separate and apart from, and in addition to, potential recovery from the Net Settlement Amount as a Class Member. The application for Service Awards is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the Settlement and this Agreement. The outcome of the Court's ruling on the application for a Service Award shall not terminate this Agreement or otherwise affect the Court's ruling on the approval of this Settlement Agreement. Any Service Award money not approved by the Court shall become part of the Net Settlement Amount.

**3.4    Distribution of Payments to Participating Class Members**

     i.     Payments to Participating Class Members will be made from the Net Settlement Amount.  The estimated Individual Settlement Amount for Named Plaintiffs and each Class Member will be determined by the Settlement Administrator pursuant to the following formula based on Charter Foods' records, which shall be presumed to be accurate:

     (a)     Named Plaintiffs and each Class Member shall be designated a minimum gross recovery of two hundred and fifty dollars ($250.00);

     (b)     Named Plaintiffs and each Class Member shall then be assigned one point for each Eligible Workweek.

     (c)     To calculate Named Plaintiffs' and each Class Member's proportionate Individual Settlement Amount:

     1.     Add all points together to obtain the "Denominator";

     2.     Divide the number of points for Named Plaintiffs and each Class Member by the Denominator to obtain the "Portion of the Net Settlement Amount" for Named Plaintiffs and each Class Member;

     3.     Multiply Named Plaintiffs' and each Class Member's Portion of the Net Settlement Amount by the Net Settlement Amount, and then add $250.00 (representing the minimum

gross recovery) to determine the Individual Settlement Amount for Named Plaintiffs and each Class Member.

ii.    All Class Members shall be sent a Settlement Notice and Settlement Check. An allonge appended to the Settlement Checks will include a statement providing that "I understand that by cashing, depositing, or otherwise negotiating this check I am participating in the settlement of the case of *Tim Davis et al. v. Charter Foods, Inc., et al* (Case No. 2:20-cv-00159-CEA-CRW) and, in doing so, I expressly agree to be bound by the Settlement Agreement and release of claims in that case. I acknowledge and agree that on behalf of myself and my heirs, representatives, successors, assigns, and attorneys, I am releasing all claims for unpaid wages, overtime, failure to pay timely wages, wage statement violations, and other compensation, fees/costs, liquidated damages, penalties, interest, and all other relief under the Fair Labor Standards Act, Pennsylvania Minimum Wage Act, and Pennsylvania Wage Payment and Collection Law, as well as wage and hour claims under all other federal, state, and local laws based on the facts alleged in Plaintiffs' Complaint accruing while employed as an exempt AM (as defined in the Settlement Agreement) at any point between July 21, 2017 and January 1, 2020 that I have or may have against Charter Foods, Inc., Charter Central, LLC, and Charter Foods North, LLC, including its former and present officers, directors, employees, attorneys, insurers, benefit plans, predecessors, successors, parents, sponsors, related entities, subsidiaries,

and affiliates." Similar language shall be included in the Settlement Notices.

iii.     The Settlement Administrator's calculations, subject to review and approval by Named Plaintiffs' Counsel, regarding the Individual Settlement Amounts from the Net Settlement Amount will be final and binding.

iv.     The Settlement Administrator shall use reasonable efforts to make an additional mailing to Class Members whose Settlement Notices and Settlement Checks are returned because of incorrect addresses. Such efforts shall include: (a) obtaining correct addresses as described in Section 2.2(i); (b) using Social Security Numbers to obtain better address information; and/or (c) attempting to reach these individuals by phone and/or e-mail.

v.     Class Members will have one hundred and twenty (120) days to sign and negotiate their Settlement Checks as defined in Section 1.4, "Check Cashing Period", except that the period shall be extended for Class Members who report to the Settlement Administrator that their checks were lost, destroyed, or never received, in which case such individuals will have the longer of 30 days from the date of reissuance of their checks or 120 days from the date of the original issuance of the checks. Any Settlement Checks not submitted for payment within the applicable time period shall be transmitted by the settlement administrator to the Boys and Girls Club of Dumplin Valley. The settlement administrator will provide notice of transmittal of any unclaimed funds to counsel for the Parties.

vi.     Tax Characterization of Payments.

    (a)     For tax purposes, 50% of the payment from the Net Settlement Amount to Class Members, pursuant to this Agreement, shall be treated as back wages and 50% of such payment shall be treated as interest, any applicable penalties, liquidated damages, and other non-wage relief.

    (b)     Payments treated as back wages shall be made net of (1) all applicable employment taxes, including, without limitation, federal, state and local income tax withholding and (2) the employee share of the FICA tax.  Payments treated as back wages shall be reported to the Internal Revenue Service ("IRS") and the payee under the payee's name and Social Security Number on an IRS Form W-2. Payments treated as Service Awards, interest, and/or liquidated damages shall be made without withholding and shall be reported to the IRS and the payee, to the extent required by law, under the payee's name and Social Security Number on an IRS Form 1099. The Settlement Administrator shall be responsible for determining the appropriate number of exemptions to be used in calculating payroll tax and withholding, deciding the appropriate tax rate, issuing the checks and Service Awards, and issuing IRS Forms W-2 and 1099.  Payments of attorneys' fees and costs pursuant to Section 3.2 shall be made without withholding and be reported to the IRS and to each of Named Plaintiffs' Counsel payees under the

payee's name and taxpayer identification number, which each such payee shall provide for this purpose, on an IRS Form 1099.

(c)     The employee portion of all applicable income and payroll taxes will be the sole responsibility of the individual Participating Class Member receiving a Settlement Check and/or Service Award. Charter Foods' share of payroll taxes shall be paid separately and not from the Gross Settlement Amount.  The Parties make no representations, and it is understood and agreed that the Parties have made no representations, as to the taxability of any portions of the settlement payments to any Class Members, the payment of any costs or award of attorneys' fees, or any payments to the Named Plaintiffs.  The Settlement Notice will advise Class Members to seek their own tax advice prior to acting in response to the Settlement Notice.   Neither Named Plaintiffs' Counsel nor Defendants' Counsel intend anything contained in this Agreement to constitute legal advice regarding the taxability of any amount paid hereunder, nor will it be relied upon as such.

(d)     None of the amounts paid to Named Plaintiffs or Participating Class Members shall create any credit for, be included in, or otherwise affect the calculation or the accrual of any employee benefits in any plans, programs, agreements, or policies sponsored, maintained, or contributed to by Charter Foods, including for purposes of any bonus of any kind.

23

(e)     Any funds remaining in the QSF shall be donated *cy pres* to the Boys and Girls Club of Dumplin Valley.

## 4.     RELEASE OF CLAIMS

**4.1**     All Participating Class Members, on behalf of themselves and each of their heirs, representatives, successors, assigns, and attorneys, shall be deemed to release and forever discharge all claims for unpaid wages, overtime, failure to pay timely wages, wage statement violations, and other compensation, fees/costs, liquidated damages, penalties, interest, and all other relief under the Fair Labor Standards Act, Pennsylvania Minimum Wage Act, and Pennsylvania Wage Payment and Collection Law , as well as wage and hour claims under all other federal, state, and local laws arising from their employment by Charter Foods as an exempt AM between July 21, 2017 and January 1, 2020 based on the predicate facts alleged in the pleadings in this Litigation, that they have or may have against Defendants, including its former and present officers, directors, employees, attorneys, insurers, benefit plans, predecessors, successors, parents, sponsors, related entities, subsidiaries, and affiliates.   The claims being released are referred to in this Agreement as "Released Claims."

**4.2**     Any Class Member, other than Named Plaintiffs, who requests exclusion will not be bound by any release of claims and their portion of the Net Settlement Amount will not be payable to them.

**5.      PARTIES' AUTHORITY**

**5.1**      The undersigned signatories represent that they are fully authorized to enter into this Agreement and to bind the Parties to the terms and conditions.

**6.      MUTUAL COOPERATION**

**6.1**      The Parties agree to reasonably cooperate with each other and to take all steps necessary and appropriate to obtain the Court's approval of this Agreement and all of its terms and to effectuate the terms of this Agreement, including, but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Agreement.

**7.      NOTICES**

**7.1**      Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

To Named Plaintiffs and/or Class Members:

> George A. Hanson
> Caleb J. Wagner
> **STUEVE SIEGEL HANSON LLP**
> 460 Nichols Rd, Suite 200
> Kansas City, MO 64112
> Tel: (816) 714-7100
> Fax: (816) 714-7101
> hanson@stuevesiegel.com
> wagner@stuevesiegel.com

> Derrek W. Cummings

Larry A. Weisberg
**WEISBERG CUMMINGS, P.C.**
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
Tel.: (717) 238-5707
Fax: (717) 233-8133
dcummings@weisbergcummings.com
lweisberg@weisbergcummings.com

Jennifer B. Morton
**JENNIFER MORTON LAW, PLLC**
8217 Pickens Gap Road
Knoxville, TN 37920
Telephone: (865) 909-0395
Fax: (865) 579-0787
jen@jmortonlaw.com

To Defendants:

Matthew W. McCullough
Jamie R. Schumacher
**MacDONALD, ILLIG, JONES & BRITTON LLP**
100 State Street, Suite 700
Erie, Pennsylvania 16507-1459
Telephone: (814) 870-7602
Fax: (814) 454-4647
mmccullough@mijb.com
jschumacher@mijb.com

8. **NO ADMISSION OF LIABILITY**

8.1    Charter Foods denies all allegations made by Named Plaintiffs in the Litigation and

denies that it is liable or owes damages to anyone with respect to the alleged facts

or causes of action asserted in the Litigation. Nothing herein will be deemed or

used as an admission that a class or collective should be certified for any purposes

other than for settlement. Nonetheless, without admitting or conceding any liability

or damages whatsoever, Charter Foods has agreed to settle the Litigation on the

terms and conditions set forth in this Agreement to avoid the burden, expense, and

26

uncertainty of continuing the Litigation. The Parties further agree that neither Party shall be deemed to have prevailed on the merits.

## 9. COUNSEL'S USE OF NON-PUBLIC INFORMATION

**9.1** Counsel for the Parties agree to maintain as confidential and not publish or disseminate any information about the Litigation that is not public information.

## 10. INTERPRETATION AND ENFORCEMENT/MISCELLANEOUS TERMS

**10.1** Further Acts. Each party, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

**10.2** No Assignment. Named Plaintiffs represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action, and any attempt to do so shall be of no force or effect.

**10.3** Entire Agreement. This Agreement constitutes the entire agreement between the Parties regarding the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

**10.4** Binding Effect. This Agreement shall be binding upon the Parties and, with respect to Charter Foods, its affiliates, parents, subsidiaries, predecessors, successors,

employees, and agents; and, with respect to Named Plaintiffs and Participating Class Members, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys, and assigns.

10.5    Arms' Length Transaction; Materiality of Terms.  The Parties have negotiated all the terms and conditions of this Agreement at arms' length.   All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

10.6    Captions.   The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

10.7    Construction.  The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties.  Each party participated jointly in the drafting of this Agreement, and therefore, the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

10.8    Governing Law.  This Agreement shall in all respects be interpreted, enforced, and governed by and under the laws of the Commonwealth of Pennsylvania, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

**10.9** Continuing Jurisdiction. The Court shall retain jurisdiction over the interpretation and implementation of this Agreement, as well as any and all matters arising out of or related to the interpretation or implementation of this Agreement and of the Settlement contemplated thereby.

**10.10** Waivers, etc. to Be in Writing. No waiver, modification, or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties, and then only to the extent set forth in such written waiver, modification, or amendment, with any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**10.11** Counterparts. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same original instrument.

**10.12** Facsimile, E-mail, and Electronic Signatures. This Agreement may be executed in counterparts, each of which shall be deemed as an original but all of which shall constitute one and the same instrument. Signature pages may be executed by "wet" signature (i.e., using pen and paper) or electronic signature (e.g., using DocuSign). The executed signature pages may be delivered using facsimile or electronic means,

Docusign Envelope ID: C4956886-08A5-4F78-BC72-1137EB665FB0

including pdf or similar file type transmitted via email, cloud-based server, or e-signature technology.

10.13 Signatories. This Agreement is valid and binding if signed by Charter Foods' authorized representative and the Named Plaintiffs.

**WE AGREE TO THESE TERMS.**

DATED: 9/12/2024

**CHARTER FOODS, INC.**
**CHARTER CENTRAL, LLC**
**CHARTER FOODS NORTH, LLC**

By: Wayne Ferguson
Vice President of Operations

DATED: 9/11/2024

**TIM DAVIS**

Signed by:
Tim Davis
18EE5BF10903477

DATED: 9/11/2024

**NIKLAUS RYKER SCHLEUFER**

DocuSigned by:
Christen
BC8737BC0953441...

30

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE

TIM DAVIS and NIKLAUS RYKER SCHLEUFER, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

CHARTER FOODS, INC., CHARTER CENTRAL, LLC, and CHARTER FOODS NORTH, LLC

Defendants.

Case No.: 2:20-cv-159

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL
## OF CLASS ACTION SETTLEMENT

The Court has considered the motion for preliminary approval of a settlement of a class and collective action by Plaintiffs Tim Davis and Niklaus Ryker Schleufer ("Named Plaintiffs"), on behalf of themselves and all others similarly situated, and Defendants Charter Foods, Inc., Charter Central, LLC, and Charter Foods North, LLC ("Defendants"). After reviewing the Class Action Settlement Agreement and Release and its exhibits ("Settlement Agreement"), including the notice materials and the submissions of counsel, and hereby finds and orders as follows:

1.      Unless otherwise defined herein, all terms used in this Order (the "Preliminary Approval Order") will have the same meaning as defined in the Settlement Agreement.

2.      The Court finds on a preliminary basis that the settlement memorialized in the Settlement Agreement, and filed with the Court, falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval as required by Federal Rule of Civil Procedure 23(e).

3.      The Court grants preliminary approval of the parties' Settlement Agreement.

4.     The Court certifies, for settlement purposes only, the following Settlement Class pursuant to the Settlement Agreement and Fed. R. Civ. P. 23: All individuals who were employed as Assistant Managers by Defendants in Pennsylvania between July 21, 2017 and January 1, 2020, who have worked more than forty (40) hours per week without being paid at overtime rates, and have not released their claims under the settlement in *Gallagher v. Charter Foods, Inc., et al*, No. 2:20-cv-00049-RJC (W.D. Pa.).

5.     The Court appoints, for settlement purposes only, Plaintiffs Tim Davis and Niklaus Ryker Schleufer as Class Representatives of the Settlement Class.

6.     The Court appoints, for settlement purposes only, the law firms of Stueve Siegel Hanson LLP, Weisberg Cummings, P.C. and Jennifer Morton Law, PLLC, as Class Counsel for the purposes of Settlement.


8.     The proposed Notice of Settlement as set forth in the Settlement Agreement is hereby found to be the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed class settlement and the Final Approval Hearing to all persons and entities affected by and/or entitled to participate in the settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23, due process, the Constitution of the United States, the laws of the Commonwealth of Pennsylvania, and all other applicable laws. The Notice of Settlement is accurate, objective, and informative, and provides members of the Settlement Class with all the information necessary to make an informed decision regarding their participation in the settlement and its fairness.  The Settlement Administrator is authorized to mail the Notice of Settlement to the Class Members as provided in the Settlement Agreement.

9.     Class Members who wish to opt out of the Settlement must submit their written request to opt out no later than November 25, 2024.

10.    Any written objection to the Settlement must be submitted to the Settlement Administrator no later than November 25, 2024

11.    Pending the Court's decision on final approval of the settlement, this matter is stayed other than as set out in this Order.

12.    The Named Plaintiffs and Defendants are ordered to carry out the settlement according to the terms of the Settlement Agreement.

13.    The Court will conduct a Final Approval Hearing on December 17, 2024 at 2:00 p.m. at the courthouse for U.S. District Court for the Eastern District of Tennessee, located at 220 West Depot Street, Greeneville, Tennessee to determine the overall fairness of the settlement and to approve the amount of attorneys' fees and costs to Class Counsel and the Service Payment to the Named Plaintiffs. The Final Approval Hearing may be continued without further notice to Class Members.  This Final Approval Hearing may be converted to a remote proceeding, which, if so, Class Counsel will be instructed to provide a link to the proceedings on the settlement website.

14.    The Named Plaintiffs shall file a motion for final approval of the settlement, and Class Counsel shall file their motion for attorneys' fees, costs and expenses, and the Named Plaintiffs' Service Payment on or before November 4, 2024.

3

IT IS SO ORDERED, ADJUDGED AND DECREED.


Dated: _____, 2024

_____
The Honorable Charles E. Atchley
U.S. District Judge

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE

TIM DAVIS and NIKLAUS RYKER SCHLEUFER, individually and on behalf of all others similarly situated,

        Plaintiffs,

    v.

CHARTER FOODS, INC., CHARTER CENTRAL, LLC, and CHARTER FOODS NORTH, LLC

        Defendants.

Case No.: 2:20-cv-159

## OFFICIAL COURT NOTICE REGARDING
## PROPOSED SETTLEMENT OF CLASS ACTION

To:

[Name]
[Address]
[City, State Zip]

**If you were an Assistant Manager or Assistant General Manager working for Charter Foods, Inc., Charter Central, LLC or Charter Foods North, LLC ("Charter Foods") between July 21, 2017 and January 1, 2020, you may be entitled to a payment from a class action lawsuit settlement.**

**Read this Notice carefully, as the proposed settlement will affect your rights. To receive proceeds from the settlement, <u>you do not have to do anything in response to this Notice</u>, as explained in further detail below.**

**A federal court authorized this Notice. This is not a solicitation from a lawyer.**

- This Notice is directed to members of the Settlement Class, meaning all exempt-classified Assistant Managers employed by Charter Foods in Pennsylvania between July 21, 2017 and January 1, 2020 (when the Assistant Manager position was reclassified as non-exempt).

- The individual Plaintiffs identified in the caption (the "Named Plaintiffs") are former Charter Foods Assistant Managers who sued Charter Foods by filing a Complaint alleging that Charter Foods misclassified them as exempt and, as a result, failed to pay them

overtime for work performed in excess of forty (40) hours in a workweek.

- The Named Plaintiffs filed the Complaint as a class and collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"); the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101, *et seq.* ("PMWA"); and the Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1, *et seq.* ("PWPCL").

- Though Charter Foods denies the allegations in the Complaint, the Parties have agreed to settle this dispute for the purpose of avoiding further disputes and litigation with its attendant risk, expense, and inconvenience. The Court has not made any ruling on the merits of the claims, and no Party has prevailed in the lawsuit. However, the Court has reviewed and preliminarily approved this settlement and this Notice.

- The settlement monies are being used to pay a group of current and former employees of Charter Foods, attorneys' fees, litigation costs, payroll taxes, service payments to the Named Plaintiffs, and the costs of administering the settlement. Charter Foods will not take any adverse action against any employee covered by the settlement whether or not he or she accepts a settlement payment.

- Under the allocation formula created by the settlement, you will be entitled to the following gross settlement payment (before applicable taxes and withholdings):

    **Total Settlement:**     $_____

Your decisions have legal consequences for you. You have a choice to make:

| YOUR LEGAL RIGHTS AND OPTIONS IN RESPONSE TO THIS NOTICE: | |
|---|---|
| **IF YOU DO NOTHING** | By doing nothing you will be bound by the release of the Released State Claims described in this Notice and you will receive a Settlement Check in the mail representing your share of the settlement fund. If you cash that check, you will also be bound by the release of the Released Federal Claims. |
| **IF YOU OPT OUT OF THE SETTLEMENT** | If you timely opt out of the settlement as explained in this Notice, you will <u>not</u> receive a Settlement Check, and you will not be bound by the release of any of the Released State Claims or Released Federal Claims as described in this Notice. |

## BASIC INFORMATION

### 1. Why did I receive this Notice?

Charter Foods' records show that you are a member of the proposed Settlement Class as defined above. As a member of the proposed Settlement Class, you have a right to know about

2

the settlement of a class action lawsuit that affects your rights. This Notice explains the lawsuit, the settlement, and your rights and options. The Court supervising this case is the U.S. District Court for the Eastern District of Tennessee. The lawsuit is known as *Davis et al. v. Charter Foods, et al.*, Case No. 2:20-cv-00159-CEA-CRW (the "Litigation").

## 2. What is this lawsuit about?

In the Complaint, the Named Plaintiffs alleged that Charter Foods violated the Fair Labor Standards Act, the Pennsylvania Minimum Wage Act, and the Pennsylvania Wage Payment and Collection Law by failing to pay its Pennsylvania Assistant Managers overtime for all hours worked over forty (40) in a single workweek because it misclassified them as exempt and ineligible to receive overtime. Charter Foods denies all the claims asserted in the Complaint and maintains that all of their respective employees were paid, and have always been paid, correctly and in accordance with the law.

## 3. Why is there a proposed settlement?

The Court did not decide in favor of the Named Plaintiffs or Defendants, and no Party prevailed. The Parties agreed to a settlement to avoid further disputes and the risk, expense, and inconvenience of litigation.

On [DATE], the Court granted preliminary approval of the proposed settlement. The Court will decide whether to give final approval to the proposed settlement in a hearing scheduled for December 17, 2024 ("Final Approval Hearing"). *See* Section 12 below for details.

The Named Plaintiffs and their attorneys believe that this settlement is a good outcome for all individuals covered by the proposed settlement. But if you believe the settlement on behalf of Class Members is not in your interests, you may opt out of the Class Settlement. See Section 8 below for details.

### THE SETTLEMENT BENEFITS – WHAT YOU GET

## 4. What does the settlement provide?

The Maximum Settlement Amount, $600,000 in total, fully resolves and satisfies the attorneys' fees and costs approved by the Court, all amounts to be paid to individuals covered by the Settlement (including payroll taxes), the Court-approved service payments to the Named Plaintiffs, and the Settlement Administrator's fees and costs. The Settlement funds are being divided among the individuals covered by the Settlement according to an allocation formula.

## 5. How much is my payment and how was it calculated?

If you do not request exclusion from the settlement, you will receive a gross pre-tax settlement in the amount identified above. This amount represents your *pro rata* share based on the number of weeks you worked as an exempt AM between July 21, 2017 and January 1, 2020. The settlement check you will receive will be in a net amount subject to deductions for applicable taxes and withholdings on the portion of your settlement considered wages. Half of your gross settlement amount will be considered wages subject to deductions and reported on an IRS Form W-2. The other half will be considered ordinary income, not subject to deductions, and will be reported on an IRS Form 1099. **Neither Plaintiffs' Counsel nor Charter Foods or its counsel make any representations concerning the tax obligations of your settlement payment.**

## HOW YOU GET A PAYMENT

| **6. How do I get my payment?** |
| --- |

To receive proceeds from the Settlement, **you do not have to do anything in response to this Notice.**

If the Court grants final approval of the Settlement and you do **not** opt out of the settlement (described in Section 8 below), you will be bound by the release of the Released State Claims described in Section 7 below, and you will receive a Settlement Check in the mail representing your share of the settlement fund.

If you choose to cash or deposit the Settlement Check, you will further be bound by the release of the Released Federal Claims described in Section 7 below.

| **7. What am I giving up if I receive proceeds from the settlement?** |
| --- |

If you do not request to be excluded from the Settlement in accordance with Section 8 below, you will be deemed to have waived, released, and forever discharged any and all state wage and hour claims that were or could have been asserted related to the facts or causes of action alleged in the Complaint, including any claim for penalties or liquidated damages through January 1, 2020 ("Released State Claims").

In addition, if you also cash or deposit your forthcoming Settlement Check, you will be deemed to have further waived, released, and forever discharged any and all federal wage and hour claims that were or could have been asserted related to the facts or causes of action alleged in the Complaint, including any claim for penalties or liquidated damages ("Released Federal Claims").

The Released Federal Claims and the Released State Claims include all claims described or identified herein through the date of Final Approval.

A copy of the claims asserted in the Complaint is available on the settlement website at [website].

**HOW YOU REQUEST EXCLUSION FROM OR OBJECT TO THE SETTLEMENT**

| **8. What if I do not want to participate in the settlement?** |
|---|

If you do not want to participate in the Class Settlement and do not want to receive a Settlement Check, and do not wish to release any state wage and hour claims included within the Released State Claims, you must opt out of the settlement by mailing a signed letter to the Settlement Administrator. The Settlement Administrator is:

[SETTLEMENT ADMIN NAME]
[ADDRESS]
[PHONE]

In your letter to the Settlement Administrator requesting to be excluded from the Settlement, you must include: the name of the litigation; your name, telephone number, and address; your employee ID (if known); a statement that you do not want to participate in the Settlement and that you want to be excluded; and your signature and the date of your letter.

In order to be valid, your completed letter requesting to be excluded must be postmarked no later than November 25, 2024  If you timely request to be excluded, you will not be eligible to receive any of the benefits under the Class Settlement or receive a Settlement Check. You will, however, retain whatever legal rights you may have with respect to the Released State Claims described above in Section 7.

| **9. What if I want to object to the settlement?** |
|---|

If you do not request exclusion from the Settlement but believe the proposed Settlement is unfair or inadequate in any respect, you may object to the Settlement by mailing a copy of your written objection to the Settlement Administrator at the address listed above.

All objections must be signed and include your address, telephone number, and the name of the Litigation. Your objection should clearly explain why you object to the proposed Settlement and must state whether you or someone on your behalf intends to appear at the Final Approval Hearing. All objections must be filed with the Court or received by the Settlement Administrator and postmarked by no later than November 25, 2024. If you submit a timely objection, you may appear, at your own expense, at the Final Approval Hearing, discussed below.

Any Settlement Class Member who does not object in the manner described above shall be deemed to have waived any objections and shall forever be foreclosed from objecting to the fairness or adequacy of the proposed Settlement, the payment of attorneys' fees, litigation costs, the service payments to the Named Plaintiffs, the claims process, and any and all other aspects of the Settlement. Likewise, regardless of whether you attempt to file an objection, you will be deemed to have released all the Released State Claims as set forth above in Section 7 unless you request exclusion from the Settlement in accordance with Section 8 above.

5

## THE LAWYERS REPRESENTING YOU

| 10. Do I have a lawyer in this case? |
| --- |

The Court has determined that the lawyers at the law firms of Stueve Siegel Hanson LLP, Weisberg Cummings, P.C., and Jennifer Morton Law, PLLC are qualified to represent you and all individuals covered by this settlement. These lawyers are called "Class Counsel." You will not be charged for these attorneys. You do not need to retain your own attorney to participate as a member of this class action. However, you may consult with any attorney you choose at your own expense before deciding whether to opt out of this settlement.

| 11. How will the lawyers be paid? |
| --- |

Separate from the settlement amounts allocated to Class Members, Class Counsel will ask the Court to award an amount not to exceed $400,000 for payment of litigation costs (including paying the settlement administrator), service payments to Named Plaintiffs and attorneys' fees all to be paid from the Maximum Settlement Amount. Class Counsel has represented that the amount they will be seeking as payment of fees is a significant discount from the value of their time expended in this Litigation. The requested service payments will not exceed $7,500 each to the two Named Plaintiffs to recognize the risks they took and their services to the beneficiaries of this Settlement.

## FINAL APPROVAL OF THE SETTLEMENT

| 12. When will the settlement be final and when will I receive my settlement payment? |
| --- |

If the Court grants Final Approval of the settlement, and you did not request exclusion from the settlement, you will receive your settlement payment in the mail within a few months after Final Approval.

The Court will hold a Final Approval Hearing on the fairness and adequacy of the proposed Settlement, the plan of distribution, Class Counsel's request for attorneys' fees and costs, and the service payments to the Named Plaintiffs on December 17, 2024 at 2:00 p.m. before Judge Charles E. Atchley of the U.S. District Court for the Eastern District of Tennessee, located at 220 West Depot Street, Greeneville, Tennessee. The Final Approval Hearing may be continued without further notice to Class Members. You are not required to appear at the hearing to participate in or to opt-out of the Settlement.

## FOR MORE INFORMATION

| 13. Are there more details about the settlement? |
| --- |

This Notice summarizes the proposed settlement. More details are in the Settlement

Agreement, which is posted on the settlement website at [website]. You are encouraged to read it. To the extent there is any inconsistency between this Notice and the Settlement Agreement, the provisions in the Settlement Agreement control. You may also obtain a copy of the Settlement Agreement by sending a request, in writing, to:

Administrator
Administrator
Administrator
Administrator

## 14. How do I get more information?

The settlement website contains more information about the settlement, including copies of the Complaint, the Settlement Agreement, and important deadlines. You can always obtain more information at [website].

If you have other questions about the settlement, you can contact the Settlement Administrator. The Settlement Administrator can answer any questions related to updating addresses, pertinent deadlines, and timing. If you would like to speak with Class Counsel, you can contact them at [insert number] or [email]. You may also write to Class Counsel at:

George A. Hanson
Caleb J. Wagner
STUEVE SIEGEL HANSON LLP
460 Nichols Rd, Suite 200
Kansas City, MO 64112
Tel: (816) 714-7100
Fax: (816) 714-7101
hanson@stuevesiegel.com
wagner@stuevesiegel.com

Derrek W. Cummings
Larry A. Weisberg
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
Tel.: (717) 238-5707
Fax: (717) 233-8133
dcummings@weisbergcummings.com
lweisberg@weisbergcummings.com

Jennifer B. Morton
JENNIFER MORTON LAW, PLLC
8217 Pickens Gap Road
Knoxville, TN 37920
Telephone: (865) 909-0395

Fax: (865) 579-0787
jen@jmortonlaw.com

**15.  What if my name or address changes before I receive my settlement payment?**

      If, for future reference and mailings from the Court or Settlement Administrator, you wish to change the name or address listed on the envelope in which the Class Notice was first mailed to you, then you must contact the Settlement Administrator at [website, phone number, address].

DATED: _____, 2024

**PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE.**

8

# EXHIBIT C

**Pennsylvania Law Class Members**

1.      Kayla Barker
2.      Raymond Basham
3.      Jacob Beach
4.      Latrice Boyd
5.      Brock Boyer
6.      Charity Brown
7.      Penny Bryant
8.      Patricia Bumbarger
9.      Hope Carroll
10.     Jazmine Clayton
11.     Kristen Coco
12.     Justin Connors
13.     Brianna Connors
14.     Justine Contreras
15.     Deseray Cook
16.     Andrea Cuebas
17.     Tim Davis
18.     Mitchell Depaul
19.     Jamie Deutsch
20.     Brittany Diplacido
21.     Andrew Douglas
22.     Melissa Dubowski
23.     Hans Ellenberger
24.     David Emel
25.     Kyler Falls
26.     Ashleigh Feld
27.     Christy Fink
28.     Savannah Fisher Madison
29.     Kori Fisk
30.     Dustin Fleeger Scott
31.     Blair Freeman
32.     Taylor Gerlach
33.     Nicole Giselman
34.     Gordan Grandstaff
35.     Michael Guyaux
36.     Stephen Guyer
37.     Robert Hart
38.     Andrew Hauck
39.     Steven Heft
40.     Terry Hoffman
41.     Jessica Hubbard
42.     Marcell Jenkins
43.     Beverly Jones
44.     Heather Kaspick

45. Virginia Kellerman
46. Amy Kline
47. Richelle Koromaus
48. Vickey Kranik
49. Dakota Lacey
50. Melinda Laird
51. Jennifer Layton
52. Michelle Lesher
53. Kameron Lettieri
54. Susan Lewis
55. Rebecca Lloyd
56. Stephen Luna
57. Alexandrea Maas
58. Theresa Magness
59. Carole Maloney
60. James Mangus
61. Joshua Martin
62. Roger Martin
63. Nathan May
64. Kayla Mcclain
65. Frankie Mclaurin
66. Richard Metz
67. Tapainga Miller
68. Dylan Miller
69. Chase Milner
70. Jeremiah Mitchell
71. Jamal Moffatt
72. Rebecca Moreland
73. Clarence Morrell
74. Ryan Mortimer
75. Radiyah Muhammad
76. Danelle Mullen
77. Immanuel Murin
78. Randall Nelson
79. Craig Nuss
80. Sierra Odem
81. Nichole Orris
82. Lisa Pampena
83. Jamie Parks
84. Courtney Pauly
85. Kendrick Payno
86. Joseph Petrazio
87. Erin Phillips
88. Tony Poorman
89. Clarence Porch
90. Cortnie Prenatt

2

91. Beverly Renner
92. Kylie Richardson
93. Eric Rittenhouse
94. Ryan Roberts
95. Crystal Robinson
96. Eric Robison
97. Natasha Rogers
98. John Ross
99. Jennifer Sadler
100. Niklaus Schleufer
101. Daniel Schoonover
102. Brandon Schreckengost
103. Marjorie Schurr
104. Bryan Seelnacht
105. Mary Shaffer
106. Jonathan Sharer
107. Mikaylin Shields
108. William Shipman
109. Brittay Shutak
110. Joshua Smith
111. Marquise Smith
112. Devan Smoker
113. Steve Snowberger
114. Stephanne Stacey
115. Deloris Stickle
116. John Thompson
117. Jerry Uranker
118. Rebecca Vanscoy
119. Kelly Vega
120. Laronzo Wade
121. Racheal Waiter
122. Jennifer Walker
123. Ana Wance
124. Keenan Werner
125. Debbie Westlake
126. Mona White
127. Loren White
128. Robin Winans
129. Deirdre Woods
130. Annette Woody
131. Chelsea Wyantt
132. Barbara Yingling
133. Matthew Zacherl

3

**FLSA Class Members**

134. Devin Adams
135. Shawn Beaupre
136. Geoffrey Birch
137. Jason Brannon
138. Kristi Carone
139. Paul Condarcuri
140. Sarah Deziel
141. Amber Dickerson
142. Nicole Dougherty
143. Cynthia Downey
144. Kathry DuBois
145. Kenneth Grimes
146. John Hall
147. Clavious Kennedy
148. Evelyn Miller
149. Kyeria Miller
150. Jose Ortiz
151. Celia Robbs
152. Nicole Silvey
153. Makayla Singleton
154. Benjamin Sizemore
155. Carolyn Smith
156. Darrell Tucker
157. Bridgette White
158. Nicholas Willoughby
159. Christopher Zerambo