UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| TIM DAVIS, *et al.*, | ) |
| *Plaintiffs*, | ) |
| | ) Case No. 2:20-cv-159 |
| v. | ) |
| | ) Judge Atchley |
| CHARTER FOODS, INC., *et al.*, | ) |
| | ) Magistrate Judge Wyrick |
| *Defendants*. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Unopposed Motion for Final Approval of the Parties' Proposed Class Action Settlement Pursuant to Rule 23(e) [Doc. 116] and Class Counsel's Unopposed Motion for an Award of Attorneys' Fees and Expenses and for a Service Award to Plaintiffs [Doc. 113]. Plaintiffs, individually and on behalf of the proposed Settlement Class, and Defendants Charter Foods, Inc., Charter Central, LLC, and Charter Foods North, LLC. ("Charter") have entered into a Settlement Agreement concerning the above-captioned litigation (the "Settlement"), which, together with its exhibits, is incorporated herein by reference. In their motion, Plaintiffs have asked that the Court (1) approve the Settlement as fair, reasonable, and adequate; (2) certify the Settlement Class for purposes of entering judgment on the Settlement under Federal Rule of Civil Procedure 23(e); and (3) approve their requests for attorneys' fees and expenses and service awards. Having considered the motions, the supporting memoranda of law, the Settlement along with all exhibits and attachments thereto, the record, and having conducted a Final Fairness Hearing on December 17, 2024, **IT IS HEREBY ORDERED** as follows:

    1.    Unless otherwise defined, all terms capitalized herein shall have the same meaning

1

ascribed to those terms in the Settlement.

2. The Court has jurisdiction over this litigation, Plaintiffs Tim Davis and Niklaus Ryker Schleufer ("Plaintiffs"), Charter, and the Settlement Class Members.

3. The Court finally and unconditionally **APPROVES** the Parties' Settlement Agreement, including but not limited to, the Settlement Benefits, the Releases therein, and the procedures for distribution of Settlement Benefits to Settlement Class Members.

4. All Settlement Class Members who have not timely excluded themselves from the Settlement Class are bound by this Final Approval Order and Judgment, and this Final Approval Order shall have maximum *res judicata*, collateral estoppel, and all other preclusive effect on all causes of action, claims for relief, demands, petitions, or any other challenges or allegations that arise out of or relate to the subject matter of the Litigation and shall permanently bar Plaintiffs and each Settlement Class Member who did not timely opt-out from bringing or participating in any action against Charter asserting any of the Released Claims, as provided in the Settlement Agreement.

5. On September 12, 2024, Class Counsel filed an Unopposed Motion for Preliminary Approval of Class Action Settlement Pursuant to Rule 23(e). [Doc. 111]. This Court granted the motion on September 13, 2024, concluding that it would likely approve the Settlement as fair, reasonable, and adequate and certify the Settlement Class for purposes of judgment on the proposal, and thus directing that notice be issued to the Class. [Doc. 112] (the "Preliminary Approval Order"). In addition, for the purpose of issuing notice of the Settlement, the Court appointed the law firms of Stueve Siegel Hanson LLP, Weisberg Cummings, P.C., and Jennifer Morton Law, PLLC as interim class counsel. [*Id*. ¶ 6]. The Court authorized a Settlement Administrator to execute the Notice plan set forth in the Settlement Agreement. [*Id.* ¶ 7]. Class Counsel engaged Analytics

Consulting LLC ("Analytics") to provide settlement administration services. [Doc. 117 at 13]. The Court finally **APPROVES** Analytics as the Settlement Administrator.

6. Plaintiffs have summarized the relevant terms of the proposed Settlement as follows:

    a. $200,000.00 will be distributed to Named Plaintiffs and the Class Members who worked at least one workweek during the Relevant Period;

    b. An additional sum of $400,000.00 is allocated for payment of attorneys' fees and reimbursement of reasonable costs and expenses, Service Awards to Named Plaintiffs, and expenses to be paid to the Settlement Administrator;

    c. From this sum of $400,000.00, and not to affect or in any way reduce the $200,000.00 allocated to payment of Class Members' claims, a combined total of up to $15,000.00—or $7,500.00 each—will be paid to Named Plaintiffs as service awards in recognition of their significant contributions to the litigation and resultant settlement;

    d. Also from the sum of $400,000.00, and not to reduce the $200,000.00 to be paid to the Class, fees and costs to be paid to the Settlement Administrator; and

    e. The remainder of the $400,000.00 sum separate and apart from payments to Class Members, payments for accumulated attorney's fees, costs and expenses.

7. The Settlement provides a straightforward method for Settlement Class Members to claim benefits and sets forth a process for notifying the Settlement Class, obtaining final

3
Case 2:20-cv-00159-CEA-CRW        Document 120        Filed 12/17/24        Page 3 of 9        PageID #: 2915

approval of the Settlement, and administering the Settlement.

8. Pursuant to the Preliminary Approval Order, and in accordance with the terms of the Settlement Agreement, the Settlement Administrator issued notice of the Settlement Agreement and its benefits, including notice of the Final Approval Hearing, to the Settlement Class Members. The Court finds that the notice provided to the Class Members was the best notice practicable under the circumstances, and that it complies with the requirements of Rule 23(c)(2).

### The Settlement is Fair, Reasonable and Adequate

9. Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court first considers the fairness, reasonableness, and adequacy of the Settlement. First, there have been no objections to the Settlement, nor have any Settlement Class Members requested to be excluded from the Settlement. The favorable response of the Settlement Class Members to the Settlement is an indication of its fairness.

10. The Court also finds that the Class Representatives and Class Counsel, who were previously appointed as interim class counsel have adequately represented the class. Class Counsel are highly experienced in wage and hour class actions, and the Class Representatives' interests align with those of the Settlement Class Members, as they all allege to have suffered the same injury: unpaid overtime wages resulting from misclassification. Accordingly, the Court finally appoints the law firms of Stueve Siegel Hanson LLP, Weisberg Cummings, P.C., and Jennifer Morton Law, PLLC as Class Counsel pursuant to Fed. R. Civ. P. 23(g)(1). The Court also finally appoints Tim Davis and Niklaus Ryker Schleufer as Class Representatives.

11. Next, the Court finds that the Settlement is the result of adversarial, arm's-length, informed, and non-collusive negotiations between Charter and Plaintiffs and their counsel. The Parties pursued adversarial litigation for several years prior to reaching the Settlement, and the involvement of a mediator in the Parties' negotiations further supports the finding that the

Settlement was negotiated at arm's-length.

12. Further, the relief provided to the Settlement Class Members under the Settlement is adequate, taking into account the substantial risks of continued litigation, especially in wage and hour cases such as this one. The average settlement amount allocated to each Class Member will be $1,242. That there have been no objections or opt-outs to the Settlement confirms the adequacy of the relief it provides the Settlement Class Members.

13. In addition, the proposed method for distributing relief to the Settlement Class Members is adequate and effective. Pursuant to the notice plan set forth in the Settlement, the Settlement Class was notified of the Settlement directly via U.S. Mail, and there is no claims process. Instead, class members who did not request to be excluded will automatically receive a check in the mail for their share of the settlement fund.

14. The Settlement's provisions for awards of attorneys' fees and costs and service payments to the Class Representatives, which were negotiated at arms-length between the Parties and will not diminish the recovery available to Settlement Class Members, are reasonable. In accordance with the terms of the Settlement, Class Counsel timely filed a motion seeking $354,536.25 in attorneys' fees, $6,904.21 in expenses, and $7,500 service awards for the Class Representatives Davis and Schleufer. The Court considers that motion separately below.

15. Further, the proposed Settlement treats all Settlement Class Members equitably relative to each other.

16. Thus, the Court **APPROVES** the Settlement as fair, reasonable, and adequate.

17. Next, the Court **CERTIFIES** the Settlement Class for purposes of judgment on the Settlement under Rule 23(e), as:

   a. the Settlement Class contains nearly 160 individuals and joinder of all such

persons would be impracticable and therefore the Settlement Class is sufficiently numerous;

b. there are questions of law and fact that are common to the Settlement Class, including whether Charter misclassified its Assistant Managers and improperly failed to pay them overtime, and those common questions of law and fact predominate over any questions affecting any individual in the Settlement Class;

c. the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent for purposes of the Settlement, as they seek to remedy the same injury;

d. a class action is superior to other available means of adjudicating the dispute, as it is the most efficient and effective means of resolving the claims of the numerous and geographically dispersed Settlement Class Members; and

e. Plaintiffs and Class Counsel are adequate representatives of the Settlement Class, as Class Counsel are experienced and qualified, and Plaintiffs have no conflicts of interest with the Settlement Class.

18. The Court thus **CERTIFIES** the following class for settlement purposes only:

All exempt Assistant Managers identified in Exhibit C of the Parties' Settlement Agreement who either (1) were employed by Defendants in Pennsylvania between July 21, 2017 and January 1, 2020 and have not released their claims under the settlement in *Gallagher, et al. v. Charter Foods, Inc, et al* No. 2:20-cv-00049-RJC (W.D. Pa.), or (2) were employed by Defendants in a state other than Pennsylvania between July 21, 2017 and January 1, 2020, filed a consent to join form opting into the FLSA collective certified in this case and have not released their claims under the settlement in *Gallagher, et al. v. Charter Foods, Inc, et al* No. 2:20-cv-00049-RJC (W.D. Pa.).

19. All members of the Settlement Class are bound by the terms of the Settlement,

including the Releases as outlined in the Settlement, upon entry of the Final Judgment in this action.

## Releases

20. Each Settlement Class Member, including Plaintiffs, are hereby deemed to have completely and unconditionally released, forever discharged, and acquitted Charter from all Released Claims as defined by and laid out more fully within the Settlement Agreement. The Settlement Class Members and Plaintiffs are barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, any Released Claim, as provided in the Settlement Agreement.

## Approval of Attorneys' Fees and Service Award

21. On November 4, 2024, Class Counsel submitted their Unopposed Motion for an Award of Attorneys' Fees and Expenses and for Service Awards to Plaintiffs. [Doc. 113]. Notice of this motion was properly given to the Settlement Class Members, as it was posted on the Settlement Website. No Settlement Class Member has objected to Class Counsel's motion.

22. Upon consideration of Class Counsel's Unopposed Motion for Attorneys' Fees and Service Award [Doc. 113], this Court **APPROVES** Class Counsel's request for **$400,000** in combined attorneys' fees and expenses, settlement administration costs, and service awards as agreed between the Parties in their Settlement.

23. The fees and expenses were negotiated at arm's-length by counsel for Plaintiffs and Charter and will not reduce any relief to the Settlement Class Members.

24. The agreed-upon fees and expenses in this action are significantly less than Class Counsel's lodestar for their work.

25. Further, the Court has considered the factors set forth by the Sixth Circuit in *Ramey v. Cincinnati Enquirer, Inc.,* 508 F.2d 1188, 1196 (6th Cir. 1974).and finds that:

(a) The recovery earned for Class Members is substantial, especially in light of the risks and delay at issue.

(b) Class Counsel reasonably expended approximately 995.5 hours on the litigation and has agreed that Charter shall allocate an expected sum of $354,536.25 for payment of attorneys' fees, a sum that represents a negative multiplier on Class Counsel's time and results in a blended hourly rate of $356.

(c) Class Counsel undertook the representation on a purely contingent basis. Thus, Class Counsel has borne all of the risk that accompanies contingent-fee representation, including the prospect that the investment of substantial attorney time and resources would be lost. Class Counsel should be compensated for this risk.

(d) "[S]ociety has a stake in rewarding the efforts of the attorneys who bring wage and hour cases, as these are frequently complex matters." *Gentrup v. Renovo Servs., LLC*, 2011 WL 2532922, at *4 (S.D. Ohio June 24, 2011). Class Counsel took on this matter to protect the rights of low-wage food service workers and litigated against experienced defense counsel.

(e) Class Counsel faced complex motion practice, particularly with respect to class and conditional certification, and were sure to face complex merits and damages defenses had the case proceeded.

(f) Class Counsel are highly qualified and experienced in wage and hour litigation and have substantial credentials in federal courts and class action litigation.

26. For their service on behalf of the Settlement Class Members in this action, the Court also **APPROVES** the request for **$7,500** service awards to Plaintiffs Davis and Schleufer.

## OTHER PROVISIONS

27. Nothing contained in this Order, the Settlement Agreement, or documents thereto is, or may be construed as, any admission or concession by or against Charter on any point of fact or law.

28. Neither the terms of the Settlement nor any publicly disseminated information regarding the Settlement, including but not limited to, the Settlement Notice, court filings, orders, and public statements, may be used as evidence in any other action or proceeding.

29. This matter is **DISMISSED WITH PREJUDICE**, without any cost to any of the

parties except as provided in the Settlement Agreement. A separate judgment order will enter.

**SO ORDERED.**

                                                           */s/ Charles E. Atchley, Jr.*
                                                         **CHARLES E. ATCHLEY, JR.**
                                                         **UNITED STATES DISTRICT JUDGE**